Peter C. Ward, Esq.          SBN 126459
Christopher H. Hagen, Esq.   SBN 179529
Ralph W. Peters, Esq.        SBN 126948
**WARD & HAGEN, LLP**
440 Stevens Avenue, Suite 350
Solana Beach, California 92075
Telephone:   (858) 847-0505
Facsimile:   (858) 847-0105

Attorneys for DEFENDANTS

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHUBB CUSTOM INSURANCE COMPANY, a Delaware Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>THE ALLEN EARLEY 1998 FAMILY TRUST, a California Trust; ALLEN EARLEY PLANTERS PROJECT, LP, a California Limited Partnership, and Does 1-10<br><br>Defendants. | CASE NO. 2008 CV 1074 BTM CAB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS BASED ON PRIOR PENDING STATE COURT ACTION**<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY COURT**<br><br>Date:  September 5, 2008<br>Time:  11:00 a.m.<br>Place:  Courtroom 15<br>Hon.   Barry T. Moskowitz |

Defendants The Allen Earley 1998 Family Trust and the Allen Earley Planters Project, L.P. ("Defendants") respectfully submit the following points and authorities in support of its motion to dismiss based on prior pending state court action.

I.

### INTRODUCTION

Defendants are domiciled in Imperial County, California, and are the owners of a hotel known as the Planters Hotel ("Hotel"), located in Brawley, California. On March 7, 2007, a fire occurred that totally consumed and destroyed the Planters Hotel and all of the fixtures,

improvements, betterments, and personal property within it ("Fire Loss"). Damages attributable to the fire loss exceed $4,000,000.

The Hotel was insured by a policy issued by Chubb Custom Insurance ("CHUBB"), identified as Commercial Property Policy No. 79553787-00("Policy"), (effective August 1, 2006 to August 1, 2007). The Policy provides coverage limits of $3,000,000 for all covered causes of loss to real property in any one Occurrence occurring at the Planters Hotel located at 101 South Plaza, Brawley, CA 92227; $100,000 for Loss of Rents; $1,000 for Fire Department Service Charges; and a sum to be determined pursuant to a stated formula for debris removal. The Policy further states, under the heading "Causes of Loss – Special Form," that "Covered Causes of Loss means Risks of Direct Physical Loss . . ." Under "G. Definitions, 2. Specified Causes of Loss," "Fire" is listed as a covered peril. Various exclusions are set forth in the policy, and include certain causes of loss, such as Earth Movement, Flood, Nuclear Hazard, Governmental Action, War and Military Action, and Criminal Acts. Fire, and loss resulting from such, is not indicated anywhere in the Policy as an excluded risk.

On or about March 7, 2007, Defendants informed CHUBB and its agents on a timely basis of the Fire Loss, and submitted the its claim and proof of loss for the Fire Loss in a timely manner (the "Claim"). On November 19, 2007, more than eight months after the Fire Loss, CHUBB denied the Claim. After the issuance of the denial by CHUBB, Defendants retained legal counsel and through counsel, Defendants provided CHUBB and its counsel, Tressler, Soderstrom, Maloney & Priess, LLP, with the factual and legal reasons why CHUBB's denial of the Claim was wrongful and untenable. CHUBB denied repeated requests by Defendants that it act in accordance with their policy terms and conditions.

Because of this continued refusal by Chubb to honor the terms of the Policy, on June 11, 2008, Allen Earley and The Allen Earley 1998 Family Trust filed an action against Chubb for breach of contract, breach of the covenant of good faith and fair dealing, and declaratory relief in Imperial County Superior Court. The matter was assigned Case No. ECU04461 by the Imperial County Superior Court and was captioned "The Allen Early Family Trust 1998 and P. Allen Earley v. Chubb Custom Insurance, et al. ("State Action"). A Summons on the Complaint

in the State Action was issued on the same day.[1]   P. Allen Earley and The Allen Earley 1998 Family Trust also sued other insurance-related parties, namely the insurance agents involved in the transaction, in the State Action.

Following the filing by Earley, et al., of the State Action, Chubb filed the instant declaratory relief action in United States District Court, Southern District, Case No. 2008 CV 1074 BTM CAB ("Federal Action"). This was filed on June 17, 2008.  It is this action that defendants seek to have dismissed based upon theories of prior pending state court action, comity, the anti-injunction statute, and abstention.

## II.

## STATEMENT OF LAW AND ARGUMENT

There are overlapping doctrines and principles of jurisprudence that support Defendants' motion for dismissal of Chubb's Federal Action.  These doctrines are, in no particular order, comity, the analogous state theory of prior pending action and the federal doctrine of first filed action, the anti-injunction statute under 28 U.S.C. § 2283, and lastly, the factors articulated in what has become the Colorado River Abstention doctrine.

Defendants will address each in turn.

**The Anti-Injunction Act:**

The Anti-Injunction Act ordinarily prohibits federal courts from enjoining state proceedings except in certain limited circumstances. The Anti-Injunction Act, 28 U.S.C. § 2283, is a United States federal statute that prohibits any federal court from issuing an injunction against proceedings in any state court, except within three specifically defined exceptions, none of which apply here. The 7th Circuit, in *Owens Corning v. Moran* 959 F3d 634 (7th Cir. 1992), unequivocally stated "the Anti-Injunction Act, 28 U.S.C. § 2283, blocks most interference with state litigation." Id, at 641.

**Comity Principles:**

Comity is a doctrine based upon the notion that a court in one jurisdiction should

---

[1] Attached, respectively, as Exhibits 1 and 2.  Defendants respectfully request that this Court take judicial notice of the referenced complaint and summons, pursuant to the attached request for judicial notice

respect, extend courtesy and adopt or enforce the laws of another. Federal district courts sitting in that State may extend such courtesy and respect, and should not, if doing so does not infringe upon federal law or policy, infringe upon ongoing proceedings in the State Courts. *Milwaukee County v. White Co.* 296 U.S. 268 (1935). Where two courts in different states have concurrent jurisdiction, general principles of comity suggest that the first court to assume jurisdiction over a particular subject matter should take precedence over the second court. The principle of comity clearly provides a rationale for this court to find that a later-filed federal action in the choice-of-law state should be stayed in deference to the earlier-filed State Action. See, *Middlesex County Ethics Comm. v. GardenState Bar Ass'n*, 457 U.S. 423, 431 (1982). "That policy rests on notions of comity and respect for state functions and was born of the concern that federal court injunctions might unduly hamper state criminal prosecutions." See, *e.g., Champion Int'l Corp. v. Brown*, 731 F.2d 1406, 1408 (9th Cir. 1984). While not precisely on point, *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny have come to stand for the proposition that federal courts may not, in certain circumstances, exercise their jurisdiction where doing so would interfere with state judicial proceedings.

**Prior Pending Action Rule:**

Under this California State rule, the prior pending (first filed) state court action has priority over any *subsequently* filed state court action. CCP section 430.10 (c). The first entity to file has grounds for demurrer – the State equivalent of a Rule 12 b motion – if counsel representing the later-filed action does not voluntarily dismiss. The rationale behind this rule is that allowing two similar actions to proceed creates the prospect of inconsistent rulings or judgments and is inconsistent with basic notions of judicial economy. While this California statute is offered only by way of illustration and analogy, it provides an excellent rationale for dismissing the Federal Action.

**Under the "First to File" Rule:**

This is the federal equivalent of the Prior Pending Action Rule, discussed above. This doctrine provides common-sense guidance to the court, if again only by way of analogy. Under this doctrine, the first federal court to assume jurisdiction over the subject matter is the transferee

court and will apply the choice-of-law rules of the state in which it sits. See (*Globespan, Inc. v. O'Neill* (C.D.Cal. 2001) 151 F.Supp.2d 1229, 1233. Thus, if the action were first filed in California, and the other matter filed in Ohio, Ohio would be the transferor court, the California federal court would be the transferee court and it would apply California's choice-of-law rules. "This well-established first-to-file rule . . . promotes judicial efficiency by allowing a federal court to stay or dismiss a cause of action when a complaint containing the same parties and same issues has previously been filed in another federal court." *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F. 2d 622, 625 (9th Cir. 1991).

**Colorado River Abstention:**

This doctrine is derived from the case of *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). It may not be a true abstention doctrine – as it does not rest on exalted considerations of federalism and state relationships. Per the *Colorado River* court, it is instead grounded upon proper and prudent use of limited judicial resources. The reasoning employed by the *Colorado River* court appears to have its origins in the U.S. Supreme Court's 1952 decision in *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952). The *Colorado River* court, commenting on the commonly held adage that Federal courts will hold onto jurisdiction at all costs, quoted *Kerotest*: "*This somewhat overstates the law because in certain circumstances, a federal court may stay its proceedings in deference to pending state proceedings. This doctrine "rest[s] on considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'* " *Colorado River, supra*, at 818 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., supra*, at 183.) [Italics added].

This policy is applied where parallel litigation is simultaneously underway in Federal and State courts, to determine the rights of parties with respect to the same questions of law. Under such circumstances, as noted, *infra*, federal courts have established practical criteria for determining whether dismissal or stay is appropriate. These courts have concluded that it makes little sense for two courts to expend the time and effort to achieve a resolution of the question. Unlike other abstention doctrines, application of the *Colorado River* doctrine is prudential,

and is based on the desire to avoid wasteful duplication of litigation. The list of factors considered by the federal courts in determining whether or not to abstain from hearing a case under this doctrine typically include the following:

- The substantial similarity of the state and federal actions (*Nakash v. Marciano* 882 F2d 1411, 1416 (9th Cir. 1989).

- The order in which the courts assumed jurisdiction over the parties (*Colorado River Water Cons., supra,* at 818.

- The relative inconvenience of the *fora*

- The relative progress of the two actions.

- The desire to avoid piecemeal litigation (*U.S. v. Adair* 723 F2d 1394, 1407 (9th Cir. 1983).

- Whether federal law or state law provides the rule of decision on the merits (*Moses H. Cone v. Mercury Construction Corp* (1983) 460 U.S. 1 25-26; *Youell v. Exxon Corp.* 74 F3d 373, 375 (2nd Cir. 1996).

- Whether the state court will adequately protect the rights of all parties (*Moses H. Cone, supra,* at 25-26).

- Whether the federal filing was vexatious (intended to harass the other party) or reactive (in response.

- The risk of conflicting results (*American Int'l Underwriters v. Continental Ins. Co.* 843 F2d 1253, 1257-1258 (9th Cir. 1988).

- That there are two parallel actions pending.[2] (*Woodford v. Community Action Agency of Greene County, Inc.*, 239 F.3d 517 (2nd Cir. 2001).

As noted by several courts, "[t]hese factors are to be applied in a pragmatic and flexible way, as part of a balancing process rather than as a 'mechanical checklist.' " *American Int'l Underwriters, (Philippines), Inc. v. Continental Ins. Co.,* 843 F.2d 1253, 1257 (9th Cir.1988) (quoting *Moses Cone,* 460 U.S. at 16). The end goal, however, is avoidance of wasteful duplication of litigation.

On the issue of "parallelism," parallel litigation occurs when substantially the same parties are contemporaneously litigating substantially the same issues. See, *AAR International,*

---

[2] Per the attached Declaration of Peter C. Ward, the Earley Plaintiffs can easily amend their State Action Complaint to add the Allen Earley Planters Project, L.P., as a party plaintiff.

*Inc. v. Nimelias Enterprises S.A.* (7th Cir. 2001) 250 F3d 510. The 9th Circuit in the *Nakash* case considered and disposed of various arguments made by Nakash as to lack of parallelism in the competing Federal and State actions. The Nakash court ultimately concluded "[E]xact parallelism" is not required . . . [i]t is enough if the two proceedings are "substantially similar." *Nakash* v. *Marciano, supra*, at 1416. See, e.g., *Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1288 (7th Cir.1988); *Lumen Constr., Inc. v. Brant Constr. Co.*, 780 F.2d 691, 695 (7th Cir. 1985); *Telesco v. Telesco Fuel & Masons' Materials, Inc.*, 765 F.2d 356, 362 (2d Cir. 1985).

## III.

## CONCLUSION

Applying the *Colorado River* criteria, the State Action was filed prior to the Federal Action. The State Action is further along in terms of case development, in that the Earley Plaintiffs in the State Action have propounded discovery, both by way of subpoenas to third parties, and by way of Requests for Production and Interrogatories to defendant parties. Both actions have declaratory relief causes of action stated. There is a only a minor deviation from exact parallelism of parties – the fact that the Allen Earley Planters Project L.P. is not named in the State Action. However, per the attached declaration of Peter C. Ward, that issue can easily be resolved by an amendment to the State Action to add Allen Earley Planters Project L.P. as a party plaintiff. The State Action is filed in Imperial County, nearer to the res, convenient to the witnesses, and the great majority of the parties. There is no question that California state law will control the insurance coverage, contract, and bad faith issues, which are central to both cases. The state court will undoubtedly protect the interests of both parties. In all respects, the *Colorado River* criteria have been met, allowing this court to dismiss the pending Federal Action in favor of the previously filed State Action.

Dated: July 11, 2008

WARD & HAGEN, LLP

By: *[signature]*
Peter C. Ward
Ralph W. Peters, Esq.
*Attorneys for Defendants* THE ALLEN EARLEY 1998 FAMILY TRUST and ALLEN EARLEY PLANTERS PROJECT, L.P.

Peter C. Ward, Esq.        SBN 126459
Christopher H. Hagen, Esq. SBN 179529
Ralph W. Peters, Esq.      SBN 126948
**WARD & HAGEN, LLP**
440 Stevens Avenue, Suite 350
Solana Beach, California 92075
Telephone:  (858) 847-0505
Facsimile:  (858) 847-0105

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| CHUBB CUSTOM INSURANCE COMPANY, a Delaware Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>THE ALLEN EARLEY 1998 FAMILY TRUST, a California Trust; ALLEN EARLEY PLANTERS PROJECT, LP, a California Limited Partnership, and Does 1-10<br><br>Defendants. | CASE NO. 2008 CV 1074 BTM CAB<br>**DECLARATION OF PETER C. WARD IN SUPPORT OF MOTION TO DISMISS FEDERAL ACTION**<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY COURT**<br><br>Date:  September 5, 2008<br>Time:  11:00 a.m.<br>Place: Courtroom 15<br>Hon.   Barry T. Moskowitz |
|---|---|

I, Peter C. Ward, declare under penalty of perjury as follows:

1. I am an attorney licensed to practice in this court and the state courts of California. I am counsel for defendants, The Allen Early 1998 Family Trust, and Allen Earley Planters Project L.P., as well as P. Allen Earley.

2. After extensive discussions with Chubb Custom Insurance's counsel, I came to the conclusion that I would need to file suit in order to obtain insurance benefits for my clients. I did so, drafting a complaint and filing same in Imperial County Superior Court on June 11, 2008. The case is entitled *The Allen Early 1998 Family Trust, et al., v. Chubb Custom Insurance, et al.,"* Superior Court, Imperial County, Case No. ECUO4461 (referred to as the "State Action"). A copy is attached as Exhibit 1 to the Request for Judicial Notice, filed with this motion.

3. The Summons on said State Action complaint was issued and file stamped June 11, 2008, and a copy of which is attached to the Request for Judicial Notice as Exhibit 2.

4. After filing suit, I have propounded discovery to a number of third parties in this litigation. This has been done by both subpoenas and other written discovery methods allowed under the California Code of Civil Procedure.

5. I am cognizant of the fact that the Federal Action filed by Chubb Custom names the Allen Earley Planters Project, L.P., as a defendant, and that Allen Earley Planters Project, L.P. is not now a party to the State Action.

6. I have had discussions with Elizabeth Chavez-Smith on this score and have assured her that I am willing to amend the complaint to add the Allen Earley Planters Project, L.P. as a Plaintiff in the State Action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and of my own personal knowledge.

Executed in San Diego, California, United States of America, on July 11, 2008.

By: _____
Peter C. Ward
*Attorneys for Defendants*
THE ALLEN EARLEY 1998 FAMILY TRUST and ALLEN EARLEY PLANTERS PROJECT, L.P.

1  Chubb v Earley
   U.S. District Court – Southern District of California
2  Case No. 2008 CV 1074 BTM CAB

3                              **PROOF OF SERVICE**

4    I am employed in the County of San Diego, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 440 Stevens Avenue, Suite 350, Solana Beach, California 92075.

5    On July 14, 2008, I served the following document(s) described as:

6    **NOTICE OF MOTION TO DISMISS BASED ON PRIOR PENDING STATE COURT ACTION;**

7    **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS BASED ON PRIOR PENDING STATE COURT ACTION;**

8

9    **DECLARATION OF PETER C. WARD IN SUPPORT OF MOTION TO DISMISS FEDERAL ACTION; and**

10   **REQUEST FOR JUDICIAL NOTICE   [FRE 201]**

11   on the interested parties in this action by placing originals thereof enclosed in a sealed envelope addressed as follows:

12
         Elizabeth Smith-Chavez
13       **Seltzer Caplan McMahon Vitek**
         Symphony Towers
14       750 B Street
         San Diego, CA 92101
15       619.685.3003 [Tel.]
         619.685.3100 [Fax]
16       *Attorneys for Plaintiffs*

17   ► **BY MAIL:** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business pursuant to Code of Civil Procedure Section 1013(a). I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

20   ☐ **BY FACSIMILE:** I served said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was (858) 847-0105. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The sending facsimile machine issued a transmission report confirming that the transmission was complete and without error.

23   ☐ **BY PERSONAL SERVICE:** I hand-delivered said document(s) to the addressee(s) pursuant to Code of Civil Procedure Section 1011.

25   **Executed on July 14, 2008, at San Diego, California.**

26   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

27
                               _[signature]_
28                             Judy Richwine

---

PROOF OF SERVICE