1   Peter C. Ward, Esq.          SBN 126459
    Christopher H. Hagen, Esq.   SBN 179529
2   Ralph W. Peters, Esq.        SBN 126948
3   **WARD & HAGEN, LLP**
    440 Stevens Avenue, Suite 350
4   Solana Beach, California 92075
    Telephone:    (858) 847-0505
5   Facsimile:    (858) 847-0105

6   Attorneys for DEFENDANTS

7

8                    **UNITED STATES DISTRICT COURT**

9                  **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  CHUBB CUSTOM INSURANCE COMPANY,        CASE NO. 2008 CV 1074 BTM CAB
    a Delaware Corporation,
12                                          **REQUEST FOR JUDICIAL NOTICE**
              Plaintiffs,                   **[FRE 201]**
13
                 v.                         **NO ORAL ARGUMENT UNLESS**
14                                          **REQUESTED BY COURT**
    THE ALLEN EARLEY 1998 FAMILY
15  TRUST, a California Trust; ALLEN EARLEY **Date:    September 5, 2008**
    PLANTERS PROJECT, LP, a California     **Time:    11:00 a.m.**
16  Limited Partnership, and Does 1-10     **Place:   Courtroom 15**
                                           **Hon.    Barry T. Moskowitz**
17            Defendants.

18

19  ────────────────────────────────────────────────────

20       Defendants, by and through its attorneys, hereby requests the Court to take judicial notice

21  pursuant to Federal Rules of Evidence 201 of the following facts:

22       1.       Defendants filed a parallel state court complaint, captioned "Allen Early Family

23              Trust 1998, et al., v. Chubb Custom Insurance, et al.," Superior Court, Imperial

24              County, Case No. ECUO4461 on June 11, 2008, a copy of which is attached hereto

25              as Exhibit 1.

26  ///

27  ///

28  ///

                                           1

2.     The Summons on said complaint was issued and file stamped June 11, 2008; a copy

of which is attached hereto as Exhibit 2.

WARD & HAGEN, LLP

Dated: July 11, 2008

By: _____
Peter C. Ward
Ralph W. Peters, Esq.
*Attorneys for Defendants*
THE ALLEN EARLEY 1998 FAMILY
TRUST and ALLEN EARLEY PLANTERS
PROJECT, L.P.

2

**EXHIBIT 1**

1 | Peter C. Ward, Esq.            SBN 126459
2 | Christopher H. Hagen, Esq.     SBN 179529
  | Ralph W. Peters, Esq.          SBN 126948
3 | **WARD & HAGEN, LLP**
  | 440 Stevens Avenue, Suite 350
4 | Solana Beach, California 92075
  | Telephone:    (858) 847-0505
5 | Facsimile:    (858) 847-0105

6 | Attorneys for PLAINTIFFS,
  | THE ALLEN EARLEY 1998 FAMILY TRUST
7 | and P. ALLEN EARLEY

ENDORSED

JUN 1 1 2008

SUPERIOR COURT
IMPERIAL COUNTY
JOSE O. GUILLEN  CLERK
BY MARIA MENESES
DEPUTY

Assigned for all purpose to Judge
including trial

Joseph Zimmerman

8

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

### FOR THE COUNTY OF IMPERIAL

| | |
|---|---|
| 11 THE ALLEN EARLEY 1998 FAMILY TRUST and P. ALLEN EARLEY, | CASE NO. _ECU04461_   **FILE BY FAX** |
| 12 | **COMPLAINT FOR:** |
| 13 Plaintiffs, | 1. **BREACH OF WRITTEN CONTRACT** |
| 14 v. | 2. **BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING** |
| CHUBB CUSTOM INSURANCE COMPANY, 15 a Delaware Corporation, SMITH-KANDAL INSURANCE AGENCY, KUIPER 16 INSURANCE AGENCY, INC. a California Corporation and DOES 1 through 100, inclusive, | 3. **PROFESSIONAL NEGLIGENCE** |
| 17 | 4. **NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS** |
| 18 Defendants. | 5. **DECLARATORY RELIEF** |
| 19 | **Courtroom:** ___ |
| 20 | **Hon.** _____ |
| 21 | **DEMAND FOR JURY TRIAL** |

22

23  Plaintiffs, THE ALLEN EARLEY 1998 FAMILY TRUST and P. ALLEN EARLEY,

24 (collectively referenced hereinafter as "Plaintiffs") hereby allege as follows:

25 | **PARTIES**

26   1.   Plaintiff THE ALLEN EARLEY 1998 FAMILY TRUST ("Earley Family Trust") is,

27 and was at all times herein mentioned, a trust established as a legal entity to hold title to certain properties

28

1
*COMPLAINT*

**COPY**

1    for the benefit its Beneficiaries, with its main domicile in the County of Imperial, State of California.

2        2.        P. ALLEN EARLEY ("Earley"), is, and was at all relevant times, an individual, residing

3    in Imperial County, State of California.  Earley is, and was at all relevant times, the Trustee and the

4    Beneficiary of the Earley Family Trust.

5        3.        Plaintiffs are informed and believe that Defendant CHUBB CUSTOM INSURANCE

6    COMPANY ("CHUBB"), at all relevant times, a Delaware corporation, and was the issuer of the

7    insurance policy more fully referenced hereinafter and defined as the "Policy" which is in part the

8    subject of the Complaint herein, and either issued and delivered policies of insurance to residents of

9    the State of California through licensed surplus lines insurance brokers, and/or was admitted to do

10   business as an insurer under the laws of the State of California, and was registered as an Eligible

11   Surplus Lines Supplier and acted through its employees, its agents, or its assigns to offer and sell

12   insurance in the State of California.  Hereinafter, any reference to CHUBB shall include, even if not

13   mentioned, its agents and assigns.

14       4.        Plaintiffs are informed and believe that Defendant SMITH-KANDAL INSURANCE

15   AGENCY ("SMITH-KANDAL"), acted as the selling agent/broker of the CHUBB Policy, and at all

16   relevant times, is and was a business duly organized and existing under the laws of the State of California

17   and authorized to sell insurance in the State of California as an agent and/or broker under California

18   Department of Insurance license #0138680, and maintains its principal place of business in El Centro,

19   California, County of Imperial.

20       5.        Plaintiffs are informed and believe that Defendant KUIPER INSURANCE AGENCY,

21   INC. ("KUIPER"), acted as the selling agent/broker of the CHUBB Policy, and at all relevant times, is

22   and was a corporation duly organized and existing under the laws of the State of California and

23   authorized to sell insurance in the State of California an agent and/or broker under California Department

24   of Insurance license #0576556, and maintains its principal place of business in El Centro, California,

25   County of Imperial.

26       6.        Plaintiffs are informed and believe, and thereon allege, that CHUBB, SMITH-

27   KANDAL, and KUIPER are persons, corporations or other entities which reside or are authorized to

28   do and are doing business in the state of California as insurers, brokers, agents, attorneys or claims

1  adjusters. They are the managerial agents, employees, predecessors, successors, joint venturers, co-
2  conspirators, alter-ego, and/or representatives of one or more of the other Defendants named herein or
3  identified as DOES, and acted with the permission, authorization and/or ratification and consent of the
4  other Defendants, and each of them.

5      7.      Plaintiffs are informed and believe, and thereon allege, that DOES 1 – 20 are persons,
6  corporations or other entities who/that reside in and/or are authorized to do and are doing business in
7  the State of California as insurers, brokers, agents, or claims adjusters, and are the managerial agents,
8  employees, predecessors, successors, joint venturers, co-conspirators, alter-ego, and/or representatives
9  of one or more of the other Defendants named herein or identified as DOES, and acted with the
10  permission, authorization and/or ratification and consent of the other Defendants and each of them.
11  Further, they are wholesale, retail or intermediate agents and/or brokers who sell insurance for insurers
12  and/or procure insurance for and on behalf of clients. They issued, marketed, sold, or adjusted the
13  Policy of insurance, which name Plaintiffs as an insured and provides or potentially provides coverage
14  for all or a portion of the fire losses suffered by Plaintiffs in the underlying claims for insurance
15  proceeds as referred to in greater detail in the body of this Complaint.

16      8.      Plaintiffs are informed and believe, and thereon allege, that DOES 21 – 100 are
17  persons, corporations or other entities, which reside, or are authorized to do, and are doing business in
18  the State of California.  The true identities of DOES 21 - 100 are currently unknown to Plaintiffs, and
19  Plaintiffs, therefore, pray for leave to amend this Complaint to assert the proper names of each
20  business when its identity is discovered.

21      9.      Plaintiffs are informed and believe, and thereon allege, that each fictitiously named
22  defendant is in some way responsible for, participated in or contributed to the matters of which
23  Plaintiffs complain, and have legal responsibility for those matters.

24                          **VENUE AND JURISDICTION**

25      10.     This Court has personal jurisdiction over the Defendants, CHUBB, SMITH-KANDAL,
26  KUIPER and each of them, as they were and are at all relevant times hereinafter mentioned actively
27  engaged in the business of selling and/or the placement of insurance in the County of Imperial, State
28  of California and enjoying the benefits and protections of California while conducting said business.

1    11.    The claims asserted by Plaintiffs well exceed the jurisdictional minimum of this court,

2    and are in excess of $3,100,000.

3    12.    This action is being brought in the county in which the contract of insurance was

4    entered into and where obligations stated therein were to be performed; in the county where the

5    insured property was located; and in the county where the loss and damages occurred.

6    13.    Venue is proper, since this action is brought in the County in which Plaintiffs and

7    Defendant SMITH-KANDAL and Defendant KUIPER are domiciled and where Defendant SMITH-

8    KANDAL and Defendant KUIPER have their main office headquarters and principal places of

9    business; it is brought in the county where all Defendants do business; it is brought in the county

10    where the subject insurance contract was issued; it is brought in the county where the breach and other

11    alleged wrongful conduct occurred; it is brought in the county where the loss and damages occurred;

12    and it is brought in the county where the insured property was physically located.

13    **THE POLICY**

14    14.    CHUBB, and DOES 1 – 20, made, executed and delivered Commercial Property Policy

15    No. 79553787-00, (effective August 1, 2006 to August 1, 2007) to Plaintiffs ("the Policy").    The

16    named insureds are indicated as the ALLEN EARLEY 1998 FAMILY TRUST and the Allen Earley

17    Planters Project L.P.  Said Policy purports to be a Commercial Property policy, providing coverage

18    for direct physical loss to real and personal property for covered losses.

19    15.    Plaintiffs requested, purchased and obtained, the CHUBB Policy through SMITH-

20    KANDAL and Defendant KUIPER, which Defendants issued and sold the CHUBB Policy to

21    Plaintiffs.

22    16.    Plaintiffs are informed and believe, and thereon allege that, at all material times,

23    CHUBB, and DOES 1 – 20, provided SMITH-KANDAL and KUIPER with actual and/or ostensible

24    authority, to issue Policy providing property and casualty coverage to Plaintiffs either directly or

25    through authorized intermediary agents/brokers.

26    17.    The Policy was sold and marketed to Plaintiffs by SMITH-KANDAL and KUIPER,

27    without any effort by SMITH-KANDAL or KUIPER to explain the terms and conditions of said

28    Policy.  SMITH-KANDAL collected premium for the sale of the Policy and on information and belief

1    SMITH-KANDAL and/or KUIPER were given a commission on said sale of the Policy.

2        18.    The Policy states coverage limits of $3,000,000 for all covered causes of loss to real

3    property in any one Occurrence occurring at the Planters Hotel located at 101 South Plaza, Brawley,

4    CA 92227; $100,000 for Loss of Rents; $1,000 for Fire Department Service Charges; and a sum to be

5    determined pursuant to a stated formula for debris removal.

6        19.    Within the Policy document entitled "Common Policy Declarations" ("Declarations"),

7    the named insureds are indicated as ALLEN EARLEY 1998 FAMILY TRUST and the Allen Earley

8    Planters Project L.P.

9        20.    The Policy further states, under the endorsement headed "LOCATION SCHEDULE,"

10   that there is $3,000,000 coverage at "Loc# 1, Bldg. # 1, 101 S. Plaza, Brawley CA."

11       21.    The Policy further states, in the endorsement "BUILDING AND PERSONAL

12   PROPERTY COVERAGE FORM," the following: "A. We will pay for direct physical loss of or

13   damages to Covered Property at the Premises described in the Declarations caused by or resulting

14   from any Covered Cause of Loss". Said endorsement also provides for how a loss is to be reported,

15   investigated, and settled.

16       22.    The Policy further states, under the heading "Causes of Loss – Special Form," that

17   "Covered Causes of Loss means Risks of Direct Physical Loss . . ." Under "G. Definitions, 2.

18   Specified Causes of Loss," "Fire" is listed as a covered peril.

19       23.    Various other covered losses (Coverage Extensions), such as debris removal and fire

20   department service charges, are set forth in the policy as well.

21       24.    Exclusions are set forth in the policy, and include certain causes of loss, such as Earth

22   Movement, Flood, Nuclear Hazard, Governmental Action, War and Military Action, and Criminal

23   Acts. Fire, and loss resulting from such, is nowhere indicated as an excluded risk.

24                    **THE FIRE, THE LOSS AND DENIAL OF CLAIM**

25       25.    Plaintiffs are, and were at all relevant times involved in the development, management,

26   refurbishing, renovation and operation of the landmark Planters Hotel in Brawley, California, located

27   at 101 South Plaza, Brawley, California.

28       26.    On or about March 7, 2007, there was a fire that totally consumed and destroyed the

1    Planters Hotel and all of the fixtures, improvements, betterments, and personal property within it (the

2    "Fire Loss").

3        27.    Plaintiffs informed CHUBB and its agents, including SMITH-KANDAL and KUIPER,

4    of the Fire Loss on a timely basis, and submitted the Claim and proof of loss for the Fire Loss in a

5    timely manner (the "Claim").

6        28.    The Fire Loss occurred during the effective periods of the insurance Policy issued by

7    Defendants CHUBB, and DOES 1 – 20.

8        29.    CHUBB, and its agents, received the Claim and proof of loss, and had open access to

9    the fire site, and the documents, books and records of the Plaintiffs. Plaintiffs fully cooperated and

10    complied with all requests for information by CHUBB.

11        30.    According to the Policy, CHUBB was to give notice of their intention to pay or deny

12    the Claim within 30 days of receipt of a sworn proof of loss.

13        31.    On November 19, 2007, more than eight months after the Fire Loss, CHUBB denied

14    the Claim. In its denial letter, CHUBB summarized its reasons for denying the Claim as follows:

15        *"Based on all of the foregoing, Chubb has concluded that at some point before the fire,*

16        *the on/off valve controlling the water available to the fire suppression system was turned*

17        *off. While no evidence is available as to when this took place, the Insured, through Mr.*

18        *Earley, has stated that access to the basement where the noted valve was located was an*

19        *area controlled by the Insured. Further, from all available information, it is clear the*

20        *Insured failed to maintain the automatic sprinkler system as required pursuant to the*

21        *provisions of the Protective Safeguards Endorsement of the Policy and the exclusion in*

22        *the endorsement applies to preclude coverage under the Policy for the March 7, 2007 fire*

23        *at the Planters Hotel."*

24        32.    After the issuance of the denial by CHUBB, Plaintiffs retained legal counsel and by

25    and through counsel, Plaintiffs provided CHUBB with factual and legal reasons why CHUBB's denial

26    of the Claim was wrongful and untenable.

27        33.    As a result of the denial of the Claim by CHUBB, and its agents and assigns, Plaintiffs

28    were compelled to incur costs related to investigation and evaluation of its damages, as well as

1    attorneys' fees, expert fees and other expenses.

2        34.    The application by CHUBB of a vague and ambiguous term "required to maintain" as a

3    rationale for denial of the subject fire Claim was contrary to the reasonable expectations of the

4    insured. CHUBB intentionally, knowingly and deliberately chose to adopt a narrow and restrictive

5    interpretation of the policy terms in order to deny benefits to its insured.

6        35.    CHUBB, and DOES 1 – 20, have failed to reexamine their denial using an appropriate

7    method of policy interpretation, and by so doing, have denied coverage and wrongfully withheld

8    policy benefits to Plaintiffs with respect to the property damage suffered in the above-discussed fire

9    Claim.

10       36.    To date, CHUBB, and DOES 1 – 20, have denied repeated requests by Plaintiffs and its

11   agent that CHUBB, and DOES 1 – 20, act in accordance with their policy terms and conditions, while

12   CHUBB and DOES 1 – 20 continue to fail to acknowledged their coverage obligations to their

13   insureds with respect to the Claim.

14       37.    Commencing from the date it received notice of the subject Claim, CHUBB, and

15   DOES 1 – 20, were required to investigate the subject fire loss and interpret policy terms in such a

16   manner as to resolve any ambiguities in favor of the insured. In addition, CHUBB, and DOES 1 – 20,

17   had the legal obligation to communicate in good faith and honestly with Plaintiffs regarding the

18   investigation and evaluation of the Claim.

19       38.    At the time of placement of the Commercial Property insurance contract ("Policy"), as

20   referred to hereinabove, CHUBB, and DOES 1 – 20, became obligated to pay Plaintiffs' covered

21   property damage losses.

22                    **FIRST CAUSE OF ACTION**

23                     **Breach of Written Contract**

24                    (Against CHUBB and DOES 1 – 20)

25       39.    Plaintiffs repeat, re-allege and incorporate by this reference each and every allegation

26   contained in all preceding and subsequent paragraphs of this Complaint as though set forth at this

27   point.

28       40.    As set forth above, under Commercial Property Policy 79553787-00, CHUBB, and

DOES 1 – 20, among other things, agreed to adjust and settle covered claims submitted by Plaintiffs on account of property damage caused by an occurrence, falling within, or potentially falling within, the coverage of the Policy referenced herein. CHUBB, and DOES 1 – 20, also had a duty to conduct a reasonable, adequate and diligent investigation of any claims submitted by Plaintiffs, broadly interpret coverages to the benefit of its insureds, and upon doing so, to promptly value the loss and then pay the Claim pursuant to the Policy terms and California law.

41.    CHUBB, and DOES 1 – 20, did issue the insurance Policy as attributed to them hereinabove. Said Policy does in fact cover losses caused by fire, thereby making the Claim presented by Plaintiffs a covered loss.

42.    Plaintiffs duly and timely submitted the Claim and Proof of Loss to CHUBB, and DOES 1 – 20, but CHUBB has continued to deny policy benefits to Plaintiffs without reasonable cause and has exercised a pattern of practice of failing to provide Plaintiffs' Policy coverages and benefits, and in doing so, knew or should have known that such failure to provide Policy benefits under the terms of the Policy was wrongful and incorrect. Further, CHUBB and its agents have deliberately ignored information provided by Plaintiffs and its agents demonstrating that CHUBB's interpretation of the language in the Policy was wrong, and has instead, in bad faith, denied Plaintiffs the full benefits of the Policy.

43.    All premiums owed and due under the Policy were paid by Plaintiffs. Plaintiffs have performed all conditions, covenants and promises required to be performed by them, in accordance with the terms and conditions of the Policy, except to the extent that Plaintiffs were prevented by CHUBB, and DOES 1 – 20, or excused from such performance, or said conditions, covenants and promises have been waived.

44.    As a result of the ongoing failure of CHUBB, and its agents to provide them with Policy benefits, Plaintiffs have suffered severe and significant financial harm and damage and have been forced to incur investigative costs, attorneys' fees and costs, experts' fees and costs, court costs and other expenses.

45.    In breach of the subject Policy, CHUBB, and DOES 1 – 20, through their officers, appointed counsel, and/or managerial agents, have refused and continued to refuse to meaningfully

1  and properly interpret the Policy coverages and have refused to pay benefits due and owing under the

2  Policy, notwithstanding repeated requests to do so and have refused to pay and/or reimburse Plaintiffs

3  for any portion of their Claim, including the costs of clean-up, debris removal and reconstruction and

4  replacement of the damaged property, and other related costs and expenses incurred as a result of the

5  Claim.

6      46.    Plaintiffs are informed and believe, and thereupon allege, that CHUBB, its agents, and

7  DOES 1 – 20, did not review the Policy in a manner calculated to broadly construe grants of coverage,

8  narrowly construe exclusions, and otherwise consider all available information in a manner most

9  favorable to a finding of coverage.  CHUBB's denial is wrongful and in bad faith in that the language

10  in the Protective Safeguards Endorsement ("PSE") upon which Defendant CHUBB relies is unclear,

11  ambiguous, unexpected, inconspicuous and unconscionable and therefore will not be applied by the

12  court to deny coverage as CHUBB is attempting to do.

13      47.    CHUBB's denial of Plaintiffs' Claim and refusal to provide coverage for Plaintiffs, and

14  the refusal of CHUBB, and DOES 1 – 20, to properly respond and agree to correctly provide Policy

15  benefits, including providing policy benefits pursuant to the policy language, constitute material

16  breaches of the terms and conditions of the Policy.

17      48.    In or about May of 2007, CHUBB provided partial payment of policy benefits for the

18  Claim in the amount of $129,139.08.  At the time this payment and partial policy benefit was

19  provided, the CHUBB representatives gave assurances, promises and commitments to the Plaintiffs

20  that the Claim would be paid and that the Plaintiffs should not be concerned or worried as the whole

21  thing would be taken care of by CHUBB.  The Plaintiffs reasonably relied upon these promises,

22  assurances and commitments and took actions and made decisions based on such reliance, all to their

23  detriment when later CHUBB changed its position and denied coverage. As a result of CHUBB

24  assurances, and Plaintiffs' actions and inactions taken in reasonable reliance on CHUBB's assurances,

25  and the resulting prejudice and injury to Plaintiffs, CHUBB is estopped from now changing its

26  position and attempting to deny or limit coverage.

27      49.    As a direct and proximate result of the breaches by CHUBB, and DOES 1 – 20, of their

28  respective duties, Plaintiffs, in addition to being obligated to hire counsel to assert their rights to

1  obtain full benefits under the Policy, have lost the value of the Hotel – namely a hotel structure within

2  a fair market value well in excess of $3,000,000, and will continue to incur consequential damages

3  including loss of rents and loss of hotel operating income and loss of appreciated equity in the Hotel.

4  Plaintiffs have been damaged and injured in that had Plaintiffs been promptly paid the benefits under

5  the Policy, a hotel or mixed-use income-producing building could have, and would have, been built by

6  the Plaintiffs which would have generated substantial operating revenues and left Plaintiffs with a

7  high equity property.  In addition, Plaintiffs have, and will continue to incur expenses related to

8  experts' fees and costs, as well as other expenses in debris removal, clean-up and demolition costs,

9  financing costs, on-going construction loan costs and fees, repair, loss adjustment, mitigation, and

10  investigation. Plaintiffs have also sustained direct damage and injury and consequential damages

11  including, loss of business opportunity, loss of rents, loss of operating income, loss of sales, loss of

12  pre-paid tax and permit fee amounts, other expired fees and inspection costs and fees, damages to

13  fixtures, and other reasonably foreseeable damages, costs and expenses incurred as a direct and

14  proximate result of the breaches of CHUBB, its agents and assigns; said damages, fees, costs and

15  expenses are in an amount presently unknown, but in excess of the jurisdictional minimums of this

16  court, according to proof.

17      50.    The damages incurred above, without limitation, were proximately caused by said

18  breaches, and such damages and harm to Plaintiffs was likely to arise in the ordinary course of events

19  from CHUBB's breaches, and such damages and harm to Plaintiffs was reasonably foreseeable by

20  CHUBB as a likely and probable result of the breaches.

## SECOND CAUSE OF ACTION

### Breach of the Implied Covenant of Good Faith and Fair Dealing

(Against CHUBB and DOES 1 – 20)

24      51.    Plaintiffs repeat, re-allege and incorporate by this reference each and every allegation

25  contained in all preceding and subsequent paragraphs of this Complaint as though set forth at this

26  point.

27      52.    CHUBB, and DOES 1 – 20, at all material times, had an implied obligation of good

28  faith and fair dealing in that CHUBB, its agents and assigns, would undertake no action that would do

1   anything to injure the right of Plaintiffs to receive the benefits of the Policy; CHUBB further had the

2   duty to act fairly and in good faith to Plaintiffs in carrying out its responsibilities under the subject

3   Policy of insurance.

4          53.     Pursuant to the Policy, CHUBB, and DOES 1 – 20, have express and implicit

5   obligations to act fairly and in good faith to Plaintiffs, to promptly and reasonably investigate claims

6   submitted by Plaintiffs, to communicate promptly and fairly with Plaintiffs and to make reasonable,

7   prompt and correct coverage decisions and proper and accurate loss adjustment decisions following

8   submittal of property loss claim and of proof of loss.

9          54.     The Policy identified herein is subject to an implied covenant of good faith and fair

10  dealing such that no party will disturb the rights of the other to obtain the full benefits of the insurance

11  contract.  CHUBB, and DOES 1 – 20, have breached the implied covenant of good faith and fair

12  dealing in numerous ways including but not limited to:  unreasonably failing to pay Plaintiffs benefits

13  pursuant to the terms of the Policy; failing to communicate timely, reasonably, and fairly with

14  Plaintiffs concerning the subject Claim; failing to interpret the Policy in a broad, fair and equitable

15  manner, giving all benefit of interpretation to the insured Plaintiffs; and failing to provide a prompt

16  and reasonable settlement offer owed under the Policy within a reasonable time following the

17  submission of the Proof of Loss to CHUBB, its agents and assigns; CHUBB and Does 1-20 have

18  continued in breach at all material times thereafter, notwithstanding ongoing requests by Plaintiffs and

19  their agents for clarification of Policy terms and interpretations being made by CHUBB and for a

20  reconsideration and reversal of its decision to deny the Claim.

21         55.     Plaintiffs are further informed and believe, and thereon alleges, that CHUBB, and

22  DOES 1 – 20, breached their respective obligations to act fairly and in good faith towards Plaintiffs by

23  committing, among other things, the following acts and omissions:

24              a.     Refusing to conduct a reasonable investigation and diligently pursue the facts of

25                     the Claim, ignoring information provided by Plaintiffs and Plaintiffs'

26                     representatives to CHUBB which supported a finding of coverage, and

27                     intentionally and unreasonably withholding monetary benefits under the Policy;

28              b.     Adopting an unreasonable and unwarranted narrow interpretation and application

of provisions and exclusions in the Policy contrary to the Policy terms and facts presented them by Plaintiffs' representatives and agents, and thereby denying benefits due Plaintiffs under the Policy, all to the detriment of Plaintiffs' interests;

c.  Despite having drafted, marketed and sold the Policy in question, and collected full premium thereon, and retained as adjustment personnel CHUBB nevertheless unreasonably, purposefully and intentionally interpreted the Claim and Policy terms concerning the fire loss at the Hotel in an improper and inaccurate manner incorporating an incorrect and overly restrictive interpretation of exclusion language, solely in an attempt to avoid coverage obligations owed to its insureds, and by so doing denying the Plaintiffs Policy benefits due them under the Policy;

d.  After being unequivocally apprised by representatives of Plaintiffs of the impact of CHUBB's wrongful denial of Policy benefits, CHUBB knowingly and maliciously caused the insured Plaintiffs severe financial hardship, including, but not limited to, attorneys' fees and costs, mitigation costs, loss of rents, loss of business opportunity, forfeiture of fees, taxes and payments, and ongoing monetary interest on various loans by refusing to promptly and completely pay Plaintiffs' Policy benefits following submission of the Proof of Loss;

e.  Refusing to timely, promptly, and within an appropriate time, pay for the reasonable and necessary loss amount incurred by Plaintiffs in connection with the Claim following the tender of Proof of Loss through the present, in violation of the express terms of the Policy, and at no time making a prompt, fair and reasonable settlement offer to Plaintiffs, thereby knowingly and in conscious disregard of the insureds' rights, causing hardship to Plaintiffs;

f.  Performing an underwriting inspection and investigation which made note of possible actions the insured could take to reduce risk but then failed to communicate these "recommendations" to the insureds and instead kept them secret only to be revealed after the Fire Loss and then used as a basis for denying Plaintiffs' Claim.

g.  Unreasonably attempting to change and reduce Plaintiffs' coverage benefits by

issuing an endorsement purporting to alter the valuation method to Plaintiffs' detriment and reduce payout benefits significantly without actual notice to the Plaintiffs/insureds and without making any type of adjustment to the premium being charged.

h.   Unreasonably, purposefully and intentionally interpreting the Policy terms and facts of Plaintiffs' Claim inaccurately and erroneously solely in an attempt to avoid coverage obligations owed to Plaintiffs;

i.   By so doing, knowingly causing the Plaintiffs to sustain economic and financial harm, including, but not limited to, attorneys' fees and costs by refusing to pay the Plaintiffs full Policy benefits in a timely manner; and

j.   Pursuing such a course of conduct and pattern and practice in violation of the terms of the Policy and California law with the knowledge, understanding, consent and approval of the respective managing officers, directors, agents and employees of CHUBB, and DOES 1 – 20.

57.   Plaintiffs are informed and believe that within a few months prior to the Fire Loss, Defendant CHUBB performed an inspection of the Planter's Hotel and a report was prepared which put CHUBB on notice of the fact that:

a.   The Hotel's sprinkler system was NOT on a maintenance contract;

b.   There were no logs or records kept by the owner for "Inspection", "Repairs" or "Testing" of the fire sprinkler system;

c.   There was no chain or lock on the fire sprinkler supply line valve;

d.   The hotel was rated a "Poor" risk based on its age and condition; and

e.   The hotel was under renovation and as a result there was no specific time-line on when any possible upgrades could or would be made to the fire sprinkler system.

58.   CHUBB was fully aware of the condition of the hotel and the lack of a formal "maintenance" program for the fire sprinkler system but failed to raise any concerns prior to the Fire Loss and failed entirely to communicate any of the findings, conclusions or recommendations in its underwriting evaluation report to the insureds. Plaintiffs therefore had no notice that CHUBB would

be requiring the insured to conform to any of the suggestions in the report as a condition of coverage. CHUBB's failure to communicate this information to the Plaintiffs and advise Plaintiffs that certain of these items would be used by CHUBB to deny coverage to Plaintiffs in the event of a loss, displays a conscious disregard for Plaintiffs interests and an intentional and deliberate withholding of facts and information that now is causing significant injury to Plaintiffs.

59.    CHUBB has denied coverage based on its conclusion that the insured failed to perform certain actions, even though these actions are not described or delineated in the Policy, are not manifest from the use of the ambiguous term "maintained", and were never actually communicated to this insured in such a way that he would be aware of what things CHUBB was expecting him to do in order to preserve his coverage. The implied covenant of good faith and fair dealing applicable in this context would require that the insured be given a clear understanding and reasonable notice of what type of conduct was going to be required for him to avoid losing all coverage under the Policy. The deliberate and intentional failure by CHUBB to communicate to its insured that there undisclosed issues and items that exposed the insured property to greater risk of loss and greater risk of suffering a loss that would be excluded from coverage is malicious, despicable and unconscionable conduct designed and intended to harm Plaintiffs and result in financial windfalls to CHUBB.

60.    The foregoing acts and omissions were part of a pattern of conduct as to Plaintiffs, and were unreasonable, malicious, fraudulent, oppressive and despicable as they were done with deliberate intent, foreknowledge of the consequences of their actions, and following repeated attempts by representatives of Plaintiffs to inform and educate CHUBB of the wrongfulness of their actions in denying coverage, improperly interpreting Policy language, and investigating the Claim, and therefore wrongfully and unreasonably denying benefits of the policy.

61.    The respective agents, assigns, officers, directors and managing agents and employees of CHUBB, and DOES 1 – 20, knowingly participated in, authorized and/or ratified the wrongful conduct of CHUBB, and DOES 1 – 20, as alleged above, knowing that it would cause great stress and anxiety to Plaintiffs and its officers and owners. They refused to reconsider their coverage position after being provided with information conclusively establishing a more beneficial interpretation standard due Plaintiffs, and continued to wrongfully deny policy benefits to Plaintiffs, in keeping with

1    their pattern of accepting premium for insureds and thereafter denying insureds the benefits of their

2    Policy.

3        62.    As a result of and because of the bad faith conduct CHUBB, and DOES 1 – 20, in this

4    matter, Plaintiffs have incurred substantial attorneys' fees, costs and expenses in investigation, repair,

5    loss adjustment, mitigation, investigation, business opportunity and other costs and expenses, in

6    response to the CHUBB's wrongful acts, and have been required to bring this Complaint to enforce

7    their rights under the insurance Policy as mentioned herein. Plaintiffs are, therefore, entitled to

8    recover as damages against CHUBB, and DOES 1 – 20, all the aforementioned fees, costs and

9    expenses, which it has incurred as a result of CHUBB's wrongful acts, together with interest thereon.

10       63.    Plaintiffs are further entitled to recover as damages against CHUBB, and DOES 1 – 20,

11   all fees, expenses and costs, incurred by Plaintiffs in this action to enforce their rights under the

12   insurance Policy, plus interest thereon, according to proof. The damages Plaintiffs have suffered and

13   will continue to suffer are within the jurisdiction of this Court. Plaintiffs are further entitled to

14   consequential damages proximately caused by Defendants' conduct as alleged herein according to

15   proof at trial but including (but not limited to) lost income and profits from operation of a commercial

16   building, lost profits and business opportunities, lost equity appreciation as well as emotional distress

17   damages; in type, nature and amounts to be proven at the time of trial.

18       64.    The above described conduct of CHUBB, and DOES 1 – 20, has been and continues to

19   be unreasonable, intentional, capricious and arbitrary, and constitutes a breach the covenant of good

20   faith and fair dealing contained in the insurance Policy referred to above in this Complaint. Further,

21   CHUBB has deliberately ignored information provided by Plaintiffs and its agents it demonstrating

22   that its Policy interpretation was wrong, and has instead, in bad faith and without proper cause has

23   continued to deny payment of policy benefits due under Plaintiffs' Claim.

24       65.    The above-described conduct of CHUBB and Does 1-20 further constitutes malicious,

25   oppressive and despicable conduct and conscious disregard of Plaintiffs' rights, and stems from

26   improper and evil motives, an intent to cause injury to Plaintiffs, and done with a willful and

27   conscious disregard for the rights of its insured. CHUBB further acted in a despicable manner and in

28   a conscious disregard for the rights of its insureds, having full knowledge of the effect of its

1    determination on Plaintiffs. These acts continued even after Plaintiffs protested to CHUBB, its agents

2    and assigns, and Plaintiffs were powerless to obtain from CHUBB compliance with their obligations.

3    Defendants' desire to reduce or avoid their obligations to Plaintiffs was intentional and without cause

4    or reason, all of which goes to justify an award of punitive and exemplary damages.

5                                    **THIRD CAUSE OF ACTION**

6                                            **Negligence**

7                          (Against SMITH-KANDAL and KUIPER and DOES 1 – 20)

8          66.    Plaintiffs repeat, re-allege and incorporate by this reference each and every allegation

9    contained in all preceding and subsequent paragraphs of this Complaint as though set forth at this

10   point.

11         67.    Defendant SMITH-KANDAL, as a long-established insurance agent and broker in the

12   Brawley-El Centro area, and seller of the subject CHUBB policy to Plaintiffs, owed a duty to

13   Plaintiffs to act with reasonable care, skill and diligence in regards to obtaining the insurance

14   requested by Plaintiffs and in confirming the insurance delivered to Plaintiffs was adequate to provide

15   the coverages that Defendant had promised and agreed to procure.

16         68.    Defendant KUIPER and DOES 1 – 20 as a long-established insurance agent and broker

17   in the Brawley-El Centro area, and seller of the subject CHUBB policy to Plaintiffs, owed a duty to

18   Plaintiffs to act with reasonable care, skill and diligence in regards to obtaining the insurance

19   requested by Plaintiffs and in confirming the insurance delivered to Plaintiffs was adequate to provide

20   the coverages that Defendant had promised and agreed to procure.

21         69.    SMITH-KANDAL and KUIPER and DOES 1 – 20 breached their duty to Plaintiffs by

22   selling Plaintiffs a policy which did not conform to what Plaintiffs had requested and was not what

23   Defendants had agreed and promised to obtain. Plaintiffs reasonably relied on Defendants assurances

24   and promises based on Defendants representations that they were knowledgeable and experienced in

25   regards to insurance products and had obtained the best coverages with adequate limits to meet

26   Plaintiffs needs and specific requests.

27         70.    Plaintiffs are not knowledgable or experienced in regards to insurance coverage issues

28   and policy terms and Defendants failed to explain the Policy in a manner which might have caused

1    Plaintiffs to become aware of the deficiencies of the Policy and potential coverage exclusions which

2    could be used by the carrier as an excuse to deny benefits if Plaintiffs were not forewarned and

3    vigilant.

4          71.    Defendant CHUBB has based its denial of coverage to Plaintiffs based on the

5    contention that Plaintiffs failed to "maintain" the fire sprinkler system. As alleged herein, Plaintiffs

6    believe this denial is wrongful and in bad faith and that the language in the Protective Safeguards

7    Endorsement ("PSE") upon which Defendant CHUBB relies is unclear, ambiguous, unexpected,

8    inconspicuous and unconscionable and therefore will not be applied by the court to deny coverage as

9    CHUBB is attempting to do. Nevertheless, Plaintiffs have already sustained significant and substantial

10    injury and damages because of the failure by CHUBB to pay benefits for the Fire Loss and Plaintiffs

11    will continue to incur more and greater damages for which Plaintiffs may or may not ultimately be

12    compensated as a direct result of CHUBB's reliance upon the PSE to attempt to justify its breach and

13    other wrongful conduct. In the event that Plaintiffs are not fully compensated by CHUBB for all

14    damage and injury sustained as a result of its wrongful denial of the Claim based on a finding that

15    CHUBB had provided SMITH-KANDAL and/or KUIPER with information regarding what type of

16    actions or conduct the insured would be required to take in order to avoid the application of the

17    language of the PSE to deny coverage, then Plaintiffs provisionally allege that Defendants SMITH-

18    KANDAL and KUIPER are liable to Plaintiffs for such injury and damage because Defendants

19    SMITH-KANDAL and KUIPER had an obligation to communicate and relay such information to

20    Plaintiffs and to explain to them what things should be done to best prevent and protect against the

21    type of coverage arguments now being asserted by CHUBB and used to deny benefits to Plaintiffs.

22          72.    Defendant CHUBB has attempted to deny and/or limit coverage to Plaintiffs based its

23    contention that the Policy is limited to ACV benefits based on its assertion that the "Endorsement

24    Number 2" issued by it is valid. As alleged herein, Plaintiffs allege and contend that the "Endorsement

25    Number 2" is invalid and unenforceable for reasons including but not limited to the fact that it was

26    never communicated to the insured, it was never agreed to or accepted by the insured, it was not

27    supported by consideration, and was otherwise an invalid, illegal and bad faith attempt to reduce

28    benefits to an insured unilaterally and retroactively. Nevertheless, Plaintiffs have already sustained

significant and substantial injury and damages because of the failure by CHUBB to pay benefits for the Fire Loss and CHUBB's assertion that benefits are capped at ACV valuation levels and Plaintiffs will continue to incur more and greater damages for which Plaintiffs may or may not ultimately be compensated. This damage and injury comes as a direct result of CHUBB's reliance upon the Endorsement Number 2, to attempt to justify its breach and other wrongful conduct. In the event that Plaintiffs are not fully compensated by CHUBB for all damage and injury sustained as a result of its wrongful denial and/or limitation of the Claim based on a finding that CHUBB had provided SMITH-KANDAL and/or KUIPER with the Endorsement Number 2 and/or that SMITH-KANDAL and/or KUIPER had made a representation that it agreed to and accepted the change from RC to ACV, then Plaintiffs provisionally allege that Defendants SMITH-KANDAL and KUIPER are liable to Plaintiffs for such injury and damage because Defendants SMITH-KANDAL and KUIPER had an obligation to communicate and explain the proposed Endorsement changing coverage to the Plaintiffs and had an obligation to refrain from making any statements or taking any action which would compromise or reduce Policy benefits available to Plaintiffs without Plaintiffs' express agreement based on fully informed and knowledgeable consent.

73.    As a direct and proximate result of Defendants' negligence, and each of them, Plaintiffs have suffered damages in excess of the minimum jurisdictional limits of this Court.

### FOURTH CAUSE OF ACTION

**Negligent Interference with Prospective Economic Relations**

(Against SMITH-KANDAL and KUIPER and DOES 1-20)

71.    Plaintiffs repeat, re-allege and incorporate by this reference each and every allegation contained in all preceding and subsequent paragraphs of this Complaint as though set forth at this point.

72.    Prior to the time of the Fire Loss, Defendant CHUBB had issued a Policy of insurance that provided for Replacement Cost coverage (RC). Defendants SMITH-KANDAL, KUIPER and DOES 1 - 20 knew or should have known about the RC coverage feature of the subject Policy by virtue of their status as agent or broker issuing said Policy and for other reasons including but not limited to the fact that the initial Policy quote form processed though office of Defendants, and each

1   of them specifically stated that it was contemplated that the Policy would be RC; the fact that the

2   Policy Binder issued to the office of Defendants, and each of them specifically stated that the Policy

3   was being underwritten and issued with RC coverage benefits; the fact that the actual Policy issued

4   though the office of Defendants, and each of them specifically stated on the Declarations page

5   Location Schedule that the "valuation" was RC.

6   73.    Defendants knew, or should have known that Plaintiffs' existing and intended future

7   contractual relationship based on the written Policy agreement providing RC benefits would be

8   disrupted if Defendants failed to act with reasonable care in response to subsequent requests by the

9   carrier and/or its agents to change the coverages and method of valuing policy benefits in the event of

10  a Fire Loss Claim.   Defendants knew, or should have known that a change in Plaintiffs' Policy

11  benefits from RC to ACV could have a substantial and significant impact on potential Policy benefits

12  available to Plaintiffs in the event of a fire loss.  Moreover, Defendants knew or should have known

13  that a change from RC to ACV could substantially reduce Plaintiffs' benefits and would leave

14  Plaintiffs with inferior and inadequate coverage all to Plaintiffs' harm and detriment.

15  74.    Defendant SMITH-KANDAL failed to act with reasonable care and otherwise

16  breached its duties to Plaintiffs as herein alleged and in so doing caused and created a situation where

17  Defendant CHUBB has denied the RC benefits to Plaintiffs and is taking the position that even if

18  CHUBB were to acknowledge coverage, Plaintiffs would only be entitled to claim ACV benefits.

19  75.    As a direct and proximate result of Defendants' wrongful conduct as alleged herein,

20  Plaintiffs' contracts, agreement and economic relationships were disrupted and Plaintiffs were and

21  will be harmed thereby.

22  **FIFTH CAUSE OF ACTION**

23  **Declaratory Relief**

24  (Against CHUBB and DOES 1 – 20)

25  76.    Plaintiffs repeat, re-allege and incorporate by this reference each and every allegation

26  contained in all preceding and subsequent paragraphs of this Complaint as though set forth at this

27  point.

28  77.    As set forth above, CHUBB, and DOES 1 – 20, among other things, agreed to

investigate and adjust any claim submitted by Plaintiffs on account of covered property damage caused by an occurrence falling within and/or potentially falling within the coverage defined in the subject Policy.

78.    As set forth above, CHUBB, and DOES 1 – 20, owed a duty to Plaintiffs to provide an insurance Policy that afforded Plaintiffs with Commercial Property policy coverages for claims of property damage resulting from covered risks during the effective dates of the Policy without any hidden coverage limitations or exclusions.

79.    Plaintiffs timely provided notice of a covered fire loss to CHUBB, and DOES 1 – 20. Plaintiffs have performed each covenant and/or condition which must be performed in order to obtain Policy benefits under the Policy referenced hereinabove, or has been excused from so performing as a result of the breach(es) by CHUBB, and DOES 1 – 20, of the pertinent insurance agreement, including refusals to provide policy benefits to Plaintiffs within a timely manner, despite efforts to educate and apprise CHUBB of coverage issues and its responsibilities, among other matters.

80.    Attorneys' fees and costs, experts' fees and costs, business opportunity, repair, investigation, loss adjustment, costs and expenses, loss of rents, and debris removal have been incurred by Plaintiffs in connection with CHUBB's wrongful failure to find coverage for the subject fire loss Claim, all of which is a covered loss falling within the coverage of, and/or as defined in, the Policy referred to hereinabove.

81.    A dispute has arisen between Plaintiffs and Defendants, and each of them, in that, Plaintiffs contend that they were, and are entitled, to be fully made whole pursuant to a proper interpretation of coverages provided under the subject Policy in connection with their fire loss Claim, and be afforded full Policy benefits under their Commercial Property Policy for losses to covered property resulting from covered losses during the effective dates of the Policy. Plaintiffs are informed and based upon conduct, believe, and thereon alleges, that Defendants unreasonably contend otherwise.

82.    An actual controversy exists between Plaintiffs and Defendants in that, Defendants contend that the Policy issued by CHUBB, and/or their agents, and DOES 1 – 20, does not actually provide Plaintiffs with a covered loss of the insured property for this particular fire loss Claim.

1   Plaintiffs contend such coverage does exist, without any applicable coverage limitations or exclusions,

2   during the effective dates of the Policy, whereas CHUBB , its agents and assigns, contrary to clear

3   Policy language, contends that there is no coverage under the subject Claim; accordingly, because of

4   CHUBB's denial of policy benefits and its wrongful coverage position, Plaintiffs are entitled to be

5   reimbursed by all Defendants for the attorneys' fees and costs, experts' fees and costs, and other costs

6   and expenses, including loss adjustment, mitigation, investigation, debris removal, loss of business

7   opportunity and other costs and expenses incurred as a result of being forced to retain such agents and

8   actors due to CHUBB , its agents and assigns, unreasonable position on coverage and loss adjustment

9   issues. Plaintiffs are informed and believe, and thereupon allege, that Defendants, and each of them,

10  unreasonably contend otherwise.

11          83.     An actual controversy exists between Plaintiffs and Defendants regarding the duties of

12  each Defendant to provide coverage for Plaintiffs and/or reimburse Plaintiffs pursuant to the insurance

13  Policy as to the claims asserted, in the Underlying Action, against Plaintiffs.  A declaratory judgment

14  is therefore necessary and appropriate to determine the rights and duties of the parties.

15          ***WHEREFORE***, Plaintiffs pray for judgment as follows:

16                          **ON THE FIRST CAUSE OF ACTION**

17                  For actual, compensatory and consequential damages according to proof, but in an

18  amount within the jurisdiction of this Court;

19                          **ON THE SECOND CAUSE OF ACTION**

20          a.      For actual, compensatory and consequential damages including emotional distress

21  according to proof, but in an amount within the jurisdiction of this Court;

22          b.      For attorney's fees and costs of suit in obtaining the benefits owed under the

23  Policy, pursuant to *Brandt v. Superior Court* (1985) 37 Cal.3d 813, according to proof;

24          c.      For punitive and exemplary damages, according to proof;

25                          **ON THE THIRD CAUSE OF ACTION**

26                  For actual, compensatory and consequential damages according to proof, but in an

27  amount within the jurisdiction of this Court;

28          ///

### ON THE FOURTH CAUSE OF ACTION

For actual, compensatory and consequential damages according to proof, but in an amount within the jurisdiction of this Court;

### ON THE FIFTH CAUSE OF ACTION

a.    For declaratory judgment that each Defendant is obligated to provide full and complete Policy benefits to Plaintiffs, and to fully compensate Plaintiffs for its fire loss and any costs and expenses incurred in its efforts to secure full policy benefits;

b.    For a declaratory judgment that each Defendant must reimburse Plaintiffs for the legal fees and costs incurred in this action;

### ON ALL CAUSES OF ACTION

1.    For attorney's fees and costs of suit herein, as permitted by law and statute;

2.    For prejudgment interest as allowed by law and statute and/or within the discretion of the Court; and

3.    For all such other and further relief as the Court may deem just and proper.

WARD & HAGEN, LLP

Dated: June 11, 2008

By: _____
Peter C. Ward
Ralph W. Peters, Esq.
*Attorneys for Plaintiffs*
THE ALLEN EARLEY 1998 FAMILY
TRUST and P. ALLEN EARLEY

**EXHIBIT 2**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CHUBB CUSTOM INSURANCE COMPANY, a Delaware Corporation,
SMITH-KANDAL INSURANCE AGENCY, KUIPER INSURANCE
AGENCY, INC. a California Corporation and DOES 1 through 100



ENDORSED

JUN 1 1 2008

SUPERIOR COURT
IMPERIAL COUNTY
JOSE O. GUILLEN, CLERK
BY MARIA MENESES
DEPUTY

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
THE ALLEN EARLEY 1998 FAMILY TRUST and P. ALLEN
EARLEY

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response.  You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

**FILE BY FAX**

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* ECU04461 |

California Superior Court - Imperial County
939 Main Street
El Centro, CA 92243

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Peter C. Ward, Esq,  SBN 126459, WARD & HAGEN LLP
440 Stevens Ave., Suite 350, Solana Beach, CA 92075; (858) 847-0505

| DATE: JUN 1 1 2008 | JOSE O. GUILLEN, Clerk, by | MARIA MENESES | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465

American LegalNet, Inc.
www.USCourtForms.com

**COPY**