1 | Gerald L. McMahon, Esq. (SBN 036050)
2 | Elizabeth Smith-Chavez, Esq. (SBN 082900)
  | Kirsten Y. Zittlau, Esq. (SBN 220809)
3 | SELTZER CAPLAN McMAHON VITEK
  | A Law Corporation
4 | 750 B Street, 2100 Symphony Towers
5 | San Diego, California 92101-8177
  | Telephone:   (619) 685-3139
6 | Facsimile:   (619) 702-6809
7 |
  | Attorneys for Plaintiff
8 | CHUBB CUSTOM INSURANCE COMPANY

9 | UNITED STATES DISTRICT COURT FOR
10 | THE SOUTHERN DISTRICT OF CALIFORNIA

11 |

| | |
|---|---|
| CHUBB CUSTOM INSURANCE COMPANY, a Delaware corporation | CASE NO. 08-CV1074 BTM (CAB) |
| Plaintiff, | **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS BASED ON PRIOR PENDING STATE COURT ACTION** |
| vs. | |
| THE ALLEN EARLEY 1998 FAMILY TRUST, a California trust, ALLEN EARLEY PLANTERS PROJECT, LP, a California Limited Partnership, and DOES 1 through 10, inclusive, | Date:           September 5, 2008 |
| | Time:           11:00 a.m. |
| | Courtroom:    15 |
| | Hon. Barry Ted Moskowitz |
| Defendants. | |

        Plaintiff CHUBB CUSTOM INSURANCE COMPANY ("Chubb Custom") submits the following opposition to the Motion to Dismiss Based on Prior Pending State Court Action filed by defendants The Allen Earley 1998 Family Trust ("Trust") and Allen Earley Planters Project, LP ("Partnership") (collectively "Defendants"):

1

2

## TABLE OF CONTENTS

Page(s)

3

I.    INTRODUCTION AND FACTUAL BACKGROUND ................................................ 1

II.   SUMMARY OF ARGUMENT ................................................ 2

III.  ARGUMENT ................................................ 2

    A.    The Anti-Injunction Act Does Not Apply. ................................................ 2

    B.    The Principles of "Comity" Do Not Support Dismissal of This Action................................................ 3

    C.    California's "Prior Pending Rule" Is Not Applicable and Does Not Support Dismissal of This Action................................................ 4

    D.    There Is No Federal "First to File" Rule Applicable to This Case. ................................................ 4

    E.    Dismissal of This Case Is Not Appropriate Under the *Colorado River* Doctrine................................................ 5

        1.    The *Colorado River* Doctrine. ................................................ 5

        2.    The *Colorado River* Doctrine Does Not Apply............................... 6

        3.    Even a Stay Under the *Colorado River* Doctrine Would Not Be Warranted. ................................................ 12

IV.   CONCLUSION ................................................ 14

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS

1

## TABLE OF AUTHORITIES

2
Page(s)

3 **Federal Cases**

4  40235 Washington Street Corp. v. Lusardi
5      (9th Cir. 1992) 976 F.2d 587.................................................................................11, 13

6  Alltrade, Inc. v. Uniweld Products, Inc.
7      (9th Cir. 1991) 946 F.2d 622.........................................................................................4

8  American Home Assur. Co. v. Roxco, Ltd.
       (S.D. Miss. 1999) 81 F.Supp.2d 674...........................................................................12
9
   American Int'l Underwriters v. Continental Ins. Co.
10     (9th Cir. 1988) 843 F.2d 1253.....................................................................................11

11 Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.
12     (2nd Cir. 1986) 800 F.2d 325 ..................................................................................6, 11

13 Champion International Corp. v. Brown
14     (9th Cir. 1984) 731 F.2d 1406.......................................................................................3

15 Colorado River Water Conservation District v. United States
       (1976) 424 U.S. 800 .......................................................................................... passim
16
   Evanston Ins. Co. v. Jimco, Inc.
17     (5th Cir. 1988) 844 F.2d 1185..........................................................................7, 8, 9, 10

18 Fox v. Maulding
19     (10th Cir. 1994) 16 F.3d 1079 ....................................................................................12

20 Globespan, Inc. v. O'Neill
21     (C.D.Cal. 2001) 151 F.Supp.2d 1229 ...........................................................................4

22 Gulfstream Aerospace Corp. v. Maya Camas Corp.
23     (1988) 485 U.S. 271 ....................................................................................................11

24 Holder v. Holder
       (9th Cir. 2002), 305 F.3d 854..................................................................................6, 13
25
   Intel Corp. v. Advanced Micro Devices
26     (9th Cir. 1993) 12 F.3d 908....................................................................................11, 13

27 Kelly Investment, Inc. v. Continental Common Corp.
28     (5th Cir. 2003) 315 F.3d 494.........................................................................................9

*Middlesex County Ethics Committee v. Garden State Bar Ass'n*
(1982) 457 U.S. 423 ...........................................................................................................3

*Milwaukee County v. M.E. White Co.*
(1935) 296 U.S. 268 ...........................................................................................................3

*Moses H. Cone Memorial Hospital v. Mercury Construction Corp*
(1983) 460 U.S. 1 ...............................................................................................6, 10, 13

*Murphy v. Uncle Ben's, Inc.*
(5th Cir. 1999) 168F.3d 734...............................................................................................8

*New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*
(1989) 491 U.S. 350 ..........................................................................................................13

*Owens-Corning Fiberglas Corporation v. Moran*
(7th Cir. 1992) 959 F.2d 634..............................................................................................2

*Perez v. Mitsubishi Motors Corp.*
(D. Puerto Rico 1991) 758 F. Supp 100........................................................................7, 9

*Smith v. Central Ariz. Water Conservation Dist.*
(9th Cir. 2005) 418 F.3d 1028...........................................................................................11

*Travelers Indemnity Company v. Madonna*
(9th Cir. 1990) 914 F.2d 1364, 1368...................................................................8, 9, 10, 13

*United States v. Morros*
(9th Cir. 2001) 268 F.3d 695.............................................................................................13

*Woodford v. Community Action Agency of Greene County, Inc.*
(2nd Cir. 2001) 239 F.3d 517.....................................................................................7, 8, 12

*Younger v. Harris*
(1971) 401 U.S. 37 .........................................................................................................3, 6

**Federal Statutes**

California Code of Civil Procedure § 430.10(c) .................................................................4

**State Rules**

Federal Rule of Civil Procedure 26....................................................................................8

## I.   **INTRODUCTION AND FACTUAL BACKGROUND**

1

2    This action arises from a property insurance policy issued by Chubb Custom to
3 Defendants effective August 1, 2006, insuring a largely vacant hotel in Brawley, California,
4 known as the Planters' Hotel. (Complaint, ¶ 7.)   The policy was conditioned expressly on
5 Defendants maintaining the Hotel's sprinkler system in good working order.
6 (Complaint, ¶ 11.)   On March 7, 2007, a fire destroyed the Hotel.   (Complaint, ¶ 9.)
7 An investigation showed that the sprinkler system had been turned off before the fire and that
8 the system lacked water. (Complaint, ¶ 17.)

9    Chubb Custom filed this action on June 17, 2008, seeking a determination that it had no
10 liability under the policy because of the failure of the express condition that the fire
11 suppression system be maintained in good working order.   Defendants are the only two
12 insureds under the policy.

13    Defendants base this motion on the fact that one of them filed a lawsuit in state court a
14 few days before this action was filed.  That action was filed on June 11, 2008, by only one of
15 the insureds, the Trust, as well as by a non-insured, P. Allen Earley individually.  (Defendants'
16 Request for Judicial Notice, Exh. 1.)   The state court action names two additional defendants,
17 Smith-Kandal Insurance Agency and Kuiper Insurance Agency, Inc., Mr. Earley's insurance
18 brokers. (*Id.*)

19    A number of facts critical to this motion were not mentioned in Defendants' moving
20 papers. First, as stated above, the "prior pending" state court action which forms the basis for
21 Defendants' motion was filed only a few days before this action.  Chubb Custom did not learn
22 about the state court action until **after** this federal action had been filed and served.
23 See Declaration of Elizabeth Smith-Chavez in Opposition to Motion to Dismiss
24 ("Smith-Chavez Dec."), ¶ 3.  Furthermore, Defendants did not disclose to Chubb Custom that
25 the state court action had been filed until **after** Defendants had served numerous third-party
26 subpoenas, apparently hoping to obtain this discovery before Chubb Custom found out that it
27 had been sued. (Smith-Chavez Dec., ¶ 5.)

28

1 Also important to a determination of this motion is the fact that the state court action
2 was brought by only one of the Defendants here, but both Defendants here are insureds under
3 the insurance policy at issue.[1]

## II.    SUMMARY OF ARGUMENT

5 Defendants raise a number of arguments on this motion, all asserting that this case
6 should be dismissed because of the existence of the state court action.  All of these arguments
7 are based on the fact that one of the Defendants filed the state court action a few days before
8 this lawsuit was filed.  This is not sufficient for this Court to engage in the extraordinary act of
9 abstaining from asserting jurisdiction over this case, either by a stay or by dismissal.

## III.    ARGUMENT

11 **A.    The Anti-Injunction Act Does Not Apply.**

12 Chubb Custom has not asked that this Court issue an injunction with regard to the state
13 court action[2], and thus the Anti-Injunction Act cited by Defendants is simply not applicable.
14 The sole case cited by Defendants involved a federal lawsuit filed against a state court judge
15 requesting that the federal court overrule a decision of that judge.  (*Owens-Corning Fiberglas*
16 *Corporation v. Moran* (7th Cir. 1992) 959 F.2d 634.)  Under no stretch of the imagination is
17 that case applicable to this action in which Chubb Custom seeks no relief relating to the state
18 court or the lawsuit filed therein.

---

[1] Defendants recognized this issue, asserting that they "can easily amend" their state action to add the other insured, the Partnership as a plaintiff, but the fact remains that they did not do so until *after* they filed this motion.  This late filing cannot support any claim that the Partnership's complaint was prior to this action or that it has any possible "priority."

[2] Chubb Custom has filed a Demurrer with the Imperial County Superior Court and likely will be filing a motion to change venue or otherwise dismiss that action.  None of those motions is before this Court on this motion.

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS

**B.    The Principles of "Comity" Do Not Support Dismissal of This Action.**

Defendants argue vaguely that "comity" should require the Court to dismiss this action. Even Defendants admit that its cases are "not precisely on point." In actuality, principles of comity have no application here, and are irrelevant to this motion.

The cases cited by Defendants simply do not support their position. The sole issue in *Milwaukee County v. M.E. White Co.* (1935) 296 U.S. 268 was whether a federal court could refuse to enforce a state judgment on the ground that the judgment was for unpaid state taxes. (*Id.* at 270.) The United States Supreme Court held that the judgment was entitled to full faith and credit. The issue of abstention because of pending state litigation was not even discussed. In *Middlesex County Ethics Committee v. Garden State Bar Ass'n* (1982) 457 U.S. 423, a federal lawsuit was filed specifically to enjoin state attorney disciplinary proceedings on the grounds that those proceedings were unconstitutional. Once again, the case did not deal with the issue of separate state and federal civil actions wherein no party sought to enjoin the actions of the other court, and there was no issue of staying an action in deference to an earlier filed state court action, the proposition for which Defendants purport to cite the case. Finally, the plaintiff in *Champion International Corp. v. Brown* (9th Cir. 1984) 731 F.2d 1406, sought an injunction relating to an order of the Montana Human Rights Commission; the Ninth Circuit found that the District Court abused its discretion in abstaining from the case, noting that "federal courts have an unflagging obligation to exercise their jurisdiction" and that abstention "is a narrow and extraordinary exception" to this duty. (*Id.* at 1408.) The court found that *Younger v. Harris* (1971) 401 U.S. 37 abstention is improper where there is no important state issue. (*Champion International Corp., supra,* at 1408.) In the present case, no injunction or interference with any state proceedings is sought. These cases are simply not applicable; dismissal or abstention is not justified by the principles of "comity" or by any authority cited by Defendants.

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS

**C.    California's "Prior Pending Rule" Is Not Applicable and Does Not Support Dismissal of This Action.**

In making this argument, Defendants rely on California Code of Civil Procedure § 430.10(c), which has no application to the jurisdiction of this Court either directly or "by analogy." Furthermore, this section specifically requires that the actions be "between the same parties." This action and the state action are not between the same parties – the state court action has three additional parties and the action before this Court includes both insureds while the state court action did not include both until <u>after</u> this motion was filed.

**D.    There Is No Federal "First to File" Rule Applicable to This Case.**

Recognizing that the cited provisions of California law do not support their request, Defendants then assert that there is a federal "first to file" rule. There is no such rule, and the absence of one of the insureds in the state court action when this action and this motion were filed means that there is no "first filed" action with regard to the Partnership.

The cases cited by Defendants do not support a claim that the Court should dismiss this action because a lawsuit was filed in state court a few days before this lawsuit. In *Globespan, Inc. v. O'Neill* (C.D.Cal. 2001) 151 F.Supp.2d 1229, 1232-33, two federal diversity cases were consolidated, and the issue was which state's law should be applied. *Alltrade, Inc. v. Uniweld Products, Inc.* (9th Cir. 1991) 946 F.2d 622, also concerned two federal cases, one before the Central District of California and one an appeal from a decision of the Trademark Trial and Appeal Board. Even in that inapplicable context, the Court noted that "a basic requirement for applying the first-to-file rule [is] that the issues in the two suits be identical." (*Id.* at 625.) In the present case, the state court action and the present action include different parties and different claims.

An understanding of the chronology of events is helpful in analyzing this argument. This is <u>not</u> a case in which Defendants (or either of them) filed and served a state court action, and then with knowledge of that action, Chubb Custom later filed this federal lawsuit. The pertinent events occurred in the following order:

- The state court action was filed on June 11, 2008.
- The federal action was filed June 17, 2008.

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS

1      • The federal action was served on the Partnership on June 19, 2008 with the summons
2 and complaint mailed on June 20, 2008.

3      • The federal action was served on the Trust on June 23, 2008, with the summons and
4 complaint mailed on June 24, 2008.

5      • The state court complaint was delivered (albeit not properly served) to an entity
6 related to Chubb Custom on June 24, 2008.[3]

7 **E.    Dismissal of This Case Is Not Appropriate Under the *Colorado River* Doctrine.**

8      The final argument made by Defendants is that abstention is proper under *Colorado*
9 *River Water Conservation District v. United States* (1976) 424 U.S. 800 (referred to herein
10 as "*Colorado River*".)

11      **1.    The *Colorado River* Doctrine.**

12      The *Colorado River* doctrine derives its name from an opinion in which the
13 United States Supreme Court did the following three things (among others):

14      First, the Court discussed the "abstention doctrine", finding it to be "an extraordinary
15 and narrow exception" permitting a district court "only in exceptional circumstances" to
16 "abdicat[e]" its "obligation to decide cases." (*Id.* at 813-14.)

17      Second, the Court discussed the limited categories of cases to which abstention is
18 applicable:

19      Our decisions have confined the circumstances appropriate for abstention to three
20      general categories.

21      (a) Abstention is appropriate in cases presenting a federal constitutional issue
     which might be mooted or presented in a different posture by a state court
22      determination of pertinent state law…

23      (b) Abstention is also appropriate where there have been presented difficult
     questions of state law bearing on policy problems of substantial public import
24      whose importance transcends the result in the case then at bar…

25

26 _____

27 [3] Smith-Chavez Dec., ¶¶ 2-3; Declaration of Antonio Ramirez, Jr., in Opposition to Motion to
28 Dismiss, ¶¶ 1-2.

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS

> (c) Finally, abstention is appropriate where, absent bad faith, harassment, or a patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings …[4]

Third, the Court held that, in certain situations ***even more extraordinary*** than the "exceptional" and "extraordinary" situations in which abstention might be justified, principles of wise judicial administration <u>might</u> <u>sometimes</u> justify an abstention-like result.   In so holding, the Court took great care to emphasize "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them," and to further emphasize that a federal court should not deviate from that obligation and surrender its jurisdiction absent truly "exceptional" circumstances.   The court specifically noted "Generally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." (*Id.* at 817.) *See also, Moses H. Cone Memorial Hospital v. Mercury Construction Corp* (1983) 460 U.S. 1, 15-16 (*Colorado River* doctrine applicable only in "exceptional circumstances;" reversing stay); *Holder v. Holder* (9th Cir. 2002), 305 F.3d 854, 867 (reversing stay).

## 2.    The *Colorado River* Doctrine Does Not Apply.

The *Colorado River* doctrine does not apply in the circumstances presented here. Defendants list a number of factors re *Colorado River* abstention, none of which support an abstention stay, much less dismissal.[5]

*"The substantial similarity of the state and federal actions*." Although the two lawsuits are related to the same insurance policy, they involve different parties and different claims. Where the cases involve different causes of action, abstention is not proper.

---

[4] *Id.* at 814-817 (citations and quotation marks omitted).  The three categories of abstention discussed in the *Colorado River* opinion typically are called *Pullman* abstention, *Burford* abstention, and *Younger* abstention, respectively.  None of them applies in the present case.

[5] This is a motion to dismiss, yet many of the cases cited by defendants relate only to stays of proceedings, not dismissals.  See Defendants' discussion regarding *Colorado River* abstention at pages 5 et seq. of its moving points and authorities.

CASE NO. 08 CV 1074 BTM (CAB

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS

1  (*See, e.g., Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.* (2nd Cir. 1986) 800 F.2d 325,
2  328.)

3      "*The order in which the courts assumed jurisdiction over the parties.*"  These  cases
4  were filed within a few days of each other.  Indeed, it is undisputable that Chubb Custom
5  served its complaint **before** Defendants even told Chubb Custom that the state court lawsuit
6  had been filed, and certainly before it had been served.   Thus, to the extent that this factor is
7  relevant, it militates against abstention.  Furthermore, to the extent that this factor would
8  consider the filing dates, the difference was only a few days.  Chubb Custom filed this action
9  without knowing of the state court action, precisely because Defendants chose to conceal that
10 action for a perceived tactical advantage.  Such gamesmanship should not entitle Defendants to
11 any procedural advantage and cannot support this motion.

12      Furthermore, as is noted in a case cited by Defendants, the mere fact that one lawsuit
13 was filed first is not determinative.  "The state complaint preceded the federal complaint, but it
14 is  not  determinative  or  abstention  would  spawn  a  race  to  the  courthouse."
15 (*Woodford v. Community Action Agency of Greene County, Inc.* (2nd Cir. 2001) 239 F.3d 517,
16 521.)  Defendants' argument (that it has priority because it filed its lawsuit a few days before
17 the federal complaint) was specifically rejected in *Perez v. Mitsubishi Motors Corp.* (D. Puerto
18 Rico 1991) 758 F. Supp 100, 101 (rejecting a claim to priority because the lawsuit was filed
19 a "mere weekend" earlier).[6]  This factor does not support this motion.

20      "*The relative inconvenience of the fora.*"   There can be no doubt that this court, in a
21 metropolitan area near freeways and a long-distance airport, is more convenient for the large
22 number of party-related and third-party witnesses, who would otherwise have to travel to

23 _____

24 [6] *Cf. Evanston Ins. Co. v. Jimco, Inc.* (5th Cir. 1988) 844 F.2d 1185, 1191. ("The order of
25 obtaining jurisdiction does not speak for abstention.  Although the federal court suit was filed
26 after the state courts had acquired jurisdiction, very little had occurred in any of the parallel
   state proceedings with regard to the claims against Evanston…  [T]he existence of previously
27 initiated state proceedings is merely one factor among many for the court to consider."
28 Citations omitted.)

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO
DISMISS

El Centro. (Smith-Chavez Dec., ¶ 5.) Furthermore, all counsel are located in San Diego, including Defendants' own attorney. One of the Defendants has its principal (and probably only) place of business in San Diego.[7] "Where the federal court is just as convenient as the state court, that factor favors retention of the case in federal court." (*Woodford v. Community Action Agency of Greene County, Inc.*, *supra*, at 523.) As numerous cases have held, the fact that the federal court forum and state court forum are equally convenient is a factor that weighs ***against*** application of the *Colorado River* doctrine.

> [T]he inconvenience factor primarily involves the physical proximity of the federal forum to the evidence and witnesses… [T]he question is not whether the federal forum is inconvenient, but rather whether there is any contention that the federal forum was any less convenient to the parties than the state forum.[8]

*"The relative progress of the two actions."* The two actions were filed within days of each other, so this is not a factor. To date there have been no substantive decisions in or by either court. Defendants may argue that the subpoenas served in the state court action constitute "progress" of that case. This argument must be rejected for two reasons. First, Defendants did not disclose those subpoenas to Chubb Custom, apparently hoping to gain an advantage by such non-disclosure; they should not be rewarded for such behavior. (It is telling, however, that nearly all of the subpoenas were served on parties outside of Imperial County, including parties in San Diego County, thus establishing the inconvenience of the Imperial County forum. (Smith-Chavez Dec., ¶ 5.) Second, Defendants should not be allowed to benefit from actions taken by them after the filing of this motion. Third, because of Federal Rule of Civil Procedure 26, discovery is not allowed in the federal case until the Initial

---

[7] Defendants inaccurately claim that they are "domiciled in Imperial County." (Moving Points and Authorities, 1:26.) According to the records of the California Secretary of State, the Partnership's office is located at 725 South Coast Highway 101, Encinitas, in San Diego County. (Smith-Chavez Dec., ¶ 4.)

[8] *Evanston Ins. Co.*, *supra*, at 1191 (emphasis in original). *Accord, Travelers Indemnity Company v. Madonna* (9th Cir. 1990) 914 F.2d 1364, 1368 (reversing stay); *Murphy v. Uncle Ben's, Inc.* (5th Cir. 1999) 168 F.3d 734, 737 (same).

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS

1  Disclosures; Chubb Custom should not be penalized for complying with the rules. The bottom
2  line is that neither case has progressed substantially. This factor is neutral, and therefore
3  supports the retention of jurisdiction.

4  "*The desire to avoid piecemeal litigation.*" Because the two lawsuits include different
5  causes of action and parties, this factor weighs against abstention. Furthermore, "there must be
6  some 'exceptional basis' for deferring to a state proceeding where a court is concerned with the
7  avoidance of piecemeal litigation." (*Perez v. Mitsubishi Motors Corp.*, *supra*, *at* 102.)
8  No such exceptional basis exists. As the United States Supreme Court stated in *Colorado*
9  *River* "… the rule is that the pendency of an action in the state court is no bar to proceedings
10 concerning the same matter in the federal court having jurisdiction." (*Colorado River*, *supra*,
11 at 817-18.) As with other cases arising in this circuit:

12  > This case involves ordinary contract and tort issues and is thus unlike
13  > *Colorado River* where important real property rights were at stake and where
      > there was a substantial danger of inconsistent judgments. Here there is no
14    > "vastly more comprehensive" state action that can adjudicate the rights of many
      > parties or the disposition of much property.[9]
15
                                            * * *
16
17  > Because this case does not involve jurisdiction over a res or property … there is
      > no danger of inconsistent rulings affecting property ownership. Therefore,
18    > the avoidance of piecemeal litigation does not weigh in favor of abstention.
      > Insofar as the Louisiana businesses have filed counterclaims against Evanston,
19    > this will result in only duplicative, not piecemeal, litigation. The prevention of
20    > duplicative litigation is not a factor to be considered in an abstention
      > determination.[10]
21
22  "*Whether federal law or state law provides the rule of decision on the merits.*" It is
    generally the case that diversity actions present state law questions, but that is not in itself
23

24  _____

25  [9] *Travelers Indemnity Company*, *supra*, at 1369 (reversing stay).

26  [10] *Evanston Ins. Co.*, *supra*, at 1192 (reversing dismissal). *Accord, Kelly Investment, Inc. v.*
27  *Continental Common Corp.* (5th Cir. 2003) 315 F.3d 494, 498-499 (reversing stay of action
    removed to federal court).
28

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO
DISMISS

1  sufficient grounds for abstention.    (*Perez v. Mitsubishi Motors Corp.*, *supra*, at 102

2  ["…The mere fact that the outcome of the case is governed by state law does not warrant

3  dismissal – to hold otherwise would undermine the purpose and reach of federal diversity

4  jurisdiction… It is generally agreed that rare circumstances exist only when a case

5  contemplates novel or complex questions of state law."]) This case presents no novel questions

6  of state law more appropriate for the state court. The absence of a federal-law issue does not

7  counsel in favor of abstention, for as the [Supreme] Court [has] stated … , "our task ... is not to

8  find some substantial reason for the exercise of federal jurisdiction."  The presence of a federal

9  law issue "must always be a major consideration weighing against surrender [of jurisdiction],"

10  but the presence of state law issues weighs in favor of surrender only in rare circumstances.

11  This case does not involve rare circumstances under which the presence of controlling issues of

12  [state] law might make abstention appropriate.[11]

13      *"Whether the state court will adequately protect the rights of all the parties*."

14  When this case was filed, and when the state court case was filed, it was clear that the state

15  court case could not protect all the rights of the parties because one of the insureds, whose

16  presence was necessary to a determination of rights under the Policy, was absent from the state

17  court case.  It was only after this motion was filed, and after Chubb Custom filed a demurrer in

18  the state court action, that Defendants belatedly amended the state court complaint to add the

19  missing insured.  (Smith-Chavez Dec., ¶ 6.)  If that were sufficient to trigger the extraordinary

20  act of abstention, a defendant could always defeat a diversity federal lawsuit, by filing its own

21

22  _____

23  [11] *Evanston Ins. Co.*, *supra*, at 1193 (citations omitted). *Accord, Travelers Indemnity Company*, *supra*, at 1370 ("[Movant] argues that 'the presence of state law issues supports

24  abstention' where there are also other factors favoring abstention.  Its argument does not
    correctly state the law:  although 'the presence of federal-law issues must always be a major

25  consideration weighing against surrender,' the 'presence of state-law issues may weigh in

26  favor of that surrender' only 'in some rare circumstances.'  Since this case involves routine
    issues of state law – misrepresentation, breach of fiduciary duty, and breach of contract –

27  which the district court is fully capable of deciding, there are no such 'rare circumstances'
    here;" reversing stay; quoting in part *Moses H. Cone Memorial Hosp.*, *supra*, at 26).

28

1  state court action as a reactive tactic. That is simply not the law. Indeed "…the possibility that
2  the state court proceeding might adequately protect the interests of the parties is not enough to
3  justify the district court's deference to the state action." (*Bethlehem Contracting Co. v.*
4  *Lehrer/McGovern, Inc.*, *supra*, at 328.) Ninth Circuit jurisprudence establishes that the
5  *Colorado River* doctrine does not apply in situations in which it cannot be said with confidence
6  that the state court action will conclusively resolve the matters at issue in the federal court
7  action. [12]

8      In its opinion in *Intel Corp. v. Advanced Micro Devices* (9th Cir. 1993) 12 F.3d 908,
9  913, the Ninth Circuit concluded that the absence of "full confidence" that the parallel state
10 proceeding would completely resolve the matters in issue in the federal court proceeding
11 sufficed, by itself, to preclude dismissal or stay.

12      Since we find that there exists a substantial doubt as to whether the state court
        proceedings will resolve all of the disputed issues in this case, it is unnecessary
13      for us to weigh the other factors included in the *Colorado River* analysis."[13]

14      *"Whether the federal filing was vexatious (intended to harass the other party) or*
15 *reactive (in response.)"* This factor militates against abstention; Chubb Custom could not have
16 "reacted" to a lawsuit of which it had no knowledge and which Defendants intentionally
17 concealed for a perceived tactical advantage.

18      *"The risk of conflicting results."* Because the causes of action are different, there is no
19 risk. This factor supports denying this motion. Defendants rely on *American Int'l*
20

21 _____

22 [12] *Smith v. Central Ariz. Water Conservation Dist.* (9th Cir. 2005) 418 F.3d 1028, 1033
23 (affirming denial of motion for *Colorado River* dismissal or stay; quotation marks and citations
   omitted). *Accord Intel Corp., supra*, at 913 ("a district court may enter a *Colorado River* stay
24 order only if it has full confidence that the parallel state proceeding will end the litigation;"
   reversing stay order; quotation marks and citations omitted); *Gulfstream Aerospace Corp. v.*
25 *Maya Camas Corp. (1988) 485 U.S. 271,* 277 (affirming denial of stay).

26 [13] *Intel Corp., supra*, at 913, n.7 (reversing stay order; citing *40235 Washington Street Corp. v.*
27 *Lusardi (9th Cir. 1992)* 976 F.2d 587, 589 as another Ninth Circuit case "declining to weigh
   other factors when one is sufficient to bar stay"). *Accord Smith, supra*, at 1033-1034.
28

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO
DISMISS

1  *Underwriters v. Continental Ins. Co.* (9th Cir. 1988) 843 F.2d 1253, but fail to note that the
2  Ninth Circuit in that case reversed an order granting an abstention motion, despite the district
3  court's finding that the actions were "parallel."

4        *"That there are two parallel actions pending."*   The mere existence of a related state
5  court action is not sufficient to trigger abstention.   "There is no bar against parallel *in*
6  *personam* actions proceeding in two or more courts. 'Each court is free to proceed in its own
7  way and in its own time, without reference to the proceedings in the other court.'" (*Woodford*
8  *v. Community Action Agency of Greene County, Inc.*, *supra*, at 525; see also, *Fox v. Maulding*
9  (10th Cir. 1994) 16 F.3d 1079, 1082.)

10       All factors must be considered in doing a *Colorado River* analysis.  Wherever a factor is
11  neutral, that is ground to deny a motion for abstention, not a factor to be ignored.
12  (*Woodford v. Community Action Agency of Greene County, Inc.*, *supra*, at 522 ["Thus, the
13  facial neutrality of a factor is a basis for retaining jurisdiction, not for yielding it."])
14  Defendants omit a number of other factors relevant to *Colorado River* abstention, presumably
15  because they weigh against abstention. For example, an important factor is whether either court
16  has taken control over any property or res. (*Woodford v. Community Action Agency of Greene*
17  *County, Inc.*, *supra*, at 523.  *See, e.g., American Home Assur. Co. v. Roxco, Ltd.* (S.D. Miss.
18  1999) 81 F.Supp.2d 674, 679-680 ("since this case does not involve any res or property over
19  which any court, state or federal, has taken control, the first *Colorado River* factor weighs
20  against abstention;" denying motion to dismiss or stay; citations and quotation marks omitted).

21       **3.    Even a Stay Under the *Colorado River* Doctrine Would Not Be Warranted.**

22       Finally, the circumstances presented here no more warrant a stay than they do dismissal.
23  In this regard it is appropriate to review some of the Ninth Circuit jurisprudence emphasizing
24  the extent of the doctrine's bias ***against*** entry of a stay.  These opinions state that:

25       Any doubt as to whether a factor exists should be resolved against a stay, not in
26       favor of one…

27

28

CASE NO. 08 CV 1074 BTM (CAB
**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS**

* * *

We emphasize that our task in cases such as this is not to find some substantial reason for the *exercise* of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist "exceptional" circumstances, the "clearest of justifications," that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction.

***

To determine whether a stay is warranted, the relevant factors must be balanced, "with the balance heavily weighted in favor of the exercise of jurisdiction."[14]

Similarly:

*Colorado River* does *not* say that every time it is possible for a state court to obviate the need for federal review by deciding factual issues in a particular way, the federal court should abstain. As the Supreme Court has observed, such a holding would "make a mockery of the rule that only exceptional circumstances justify a federal court's refusal to decide a case in deference to the States."[15]

So powerful are these admonitions that "the mere potential for conflict in the results of adjudications, does not, without more, warrant staying exercise of federal jurisdiction,"[16] and one factor alone can be sufficient to prevent surrender of a federal court's jurisdiction.[17]

///

///

---

[14] *Travelers Indemnity Company v. Madonna, supra,* at 1369, 1371-1372 (reversing stay; quoting in part *Moses H. Cone Memorial Hospital, supra,* at 16, 25-26; emphasis in original *Moses H. Cone* opinion). *Accord Holder, supra,* at 871-872 (reversing stay).

[15] *United States v. Morros* (9th Cir. 2001) 268 F.3d 695, 706 (emphasis in original; reversing dismissal; quoting in part *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans* (1989) 491 U.S. 350, 368).

[16] *Colorado River, supra,* at 816 (citations and quotation marks omitted).

[17] *Intel Corp., supra,* at 913 n.7 ("Since we find that there exists a substantial doubt as to whether the state court proceedings will resolve all of the disputed issues in this case, it is unnecessary for us to weigh the other factors included in the *Colorado River* analysis;" reversing stay; citing *40235 Washington Street Corp., supra,* at 589 as another Ninth Circuit case "declining to weigh other factors when one is sufficient to bar stay").

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS

1

## IV.    CONCLUSION

2      No basis exists to dismiss this action.    The authority and arguments presented by

3 Defendants do not support the granting of this motion.    Chubb Custom respectfully submits

4 that this Motion to Dismiss should be denied.

5

6 Dated:  August 22, 2008                          SELTZER CAPLAN MCMAHON VITEK
                                                   A Law Corporation

7

8                                                  By:    /s/ Elizabeth Smith-Chavez
                                                          Gerald L. McMahon, Esq.
9                                                         Elizabeth Smith-Chavez, Esq.
                                                          Kirsten Y. Zittlau, Esq.
10                                                 Attorneys    for    Plaintiff    CHUBB    CUSTOM
11                                                 INSURANCE COMPANY

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS**

1  Gerald L. McMahon, Esq. (SBN 036050)
2  Elizabeth Smith-Chavez, Esq. (SBN 082900)
   Kirsten Y. Zittlau, Esq. (SBN 220809)
3  SELTZER CAPLAN McMAHON VITEK
   A Law Corporation
4  750 B Street, 2100 Symphony Towers
5  San Diego, California 92101-8177
   Telephone:   (619) 685-3139
6  Facsimile:   (619) 702-6809
7
   Attorneys for Plaintiff
8  CHUBB CUSTOM INSURANCE COMPANY
9
10              UNITED STATES DISTRICT COURT FOR
                THE SOUTHERN DISTRICT OF CALIFORNIA
11

| | |
|---|---|
| 12  CHUBB CUSTOM INSURANCE<br>13  COMPANY, a Delaware corporation | CASE NO. 08-CV1074 BTM (CAB) |
| 14                  Plaintiff, | **DECLARATION OF ANTONIO**<br>**RAMIREZ, JR., IN OPPOSITION TO**<br>**MOTION TO DISMISS BASED ON** |
| 15       vs. | **PRIOR PENDING STATE COURT**<br>**ACTION** |
| 16  THE ALLEN EARLEY 1998 FAMILY<br>17  TRUST, a California trust, ALLEN EARLEY | |
| 18  PLANTERS PROJECT, LP, a California<br>Limited Partnership, and DOES 1 through 10, | Date:             September 5, 2008<br>Time:            11:00 a.m. |
| 19  inclusive, | Courtroom:    15<br>Hon. Barry Ted Moskowitz |
| 20                  Defendants. | |
| 21 | |

22
23        I, ANTONIO RAMIREZ, JR., declare:
24        1.      I am an employee of Chubb Insurance, located at 555 Flower Street, Los Angeles
25  California.  This is not the business office for Chubb Custom Insurance Company.
26        2.      On June 24, 2008, a copy of the summons and complaint in a lawsuit filed with
27  the Imperial County Superior Court, entitled The Allen Earley 1998 Family Trust and P. Allen
28  Earley vs. Chubb Custom Insurance Company, a Delaware Corporation, Smith-Kandal

1 Insurance Agency, Inc, Kuiper Insurance Agency, Inc., a California Corporation and Does 1
2 through 100, inclusive, was left with the receptionist at the offices at 555 Flower Street, Los
3 Angeles, California.

4     I declare under penalty of perjury under the laws of the United States that the foregoing
5 is true and correct and within my personal knowledge.

6     Executed on August 19, 2008, at San Diego, California.

7
8
9
10                                 ANTONIO RAMIREZ, JR.
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DECLARATION OF ANTONIO RAMIREZ, JR., IN OPPOSITION TO MOTION TO DISMISS BASED ON
PRIOR PENDING STATE COURT ACTION

Gerald L. McMahon, Esq. (SBN 036050)
Elizabeth Smith-Chavez, Esq. (SBN 082900)
Kirsten Y. Zittlau, Esq. (SBN 220809)
SELTZER CAPLAN McMAHON VITEK
A Law Corporation
750 B Street, 2100 Symphony Towers
San Diego, California 92101-8177
Telephone:    (619) 685-3139
Facsimile:     (619) 702-6809

Attorneys for Plaintiff
CHUBB CUSTOM INSURANCE COMPANY

## UNITED STATES DISTRICT COURT FOR

## THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHUBB CUSTOM INSURANCE COMPANY, a Delaware corporation | CASE NO. 08-CV1074 BTM (CAB) |
| Plaintiff, | **DECLARATION OF ELIZABETH SMITH-CHAVEZ IN OPPOSITION TO MOTION TO DISMISS BASED ON PRIOR PENDING STATE COURT ACTION** |
| vs. | |
| THE ALLEN EARLEY 1998 FAMILY TRUST, a California trust, ALLEN EARLEY PLANTERS PROJECT, LP, a California Limited Partnership, and DOES 1 through 10, inclusive, | Date:            September 5, 2008 Time:            11:00 a.m. Courtroom:    15 Hon. Barry Ted Moskowitz |
| Defendants. | |

I, ELIZABETH SMITH-CHAVEZ, declare:

1.     I am an attorney at law and a member of Seltzer Caplan McMahon Vitek, counsel of record for plaintiff CHUBB CUSTOM INSURANCE COMPANY ("Chubb Custom").

2.     The summons and complaint in this lawsuit was delivered to defendant The Allen Earley 1998 Family Trust on June 23, 2008, and mailed on June 24, 2008. A true

1  and correct copy of the proof of service is attached as Exhibit A to the Notice of Lodgment in

2  Opposition to Motion to Dismiss Based on Prior Pending State Court Action ("NOL"), filed

3  herewith.

4       3.     The summons and complaint in this lawsuit was delivered to defendant Allen

5  Earley Planters Project, LP, on June 19, 2008, and mailed on June 20, 2008. A true and correct

6  copy of the proof of service is attached as Exhibit B to the NOL. Thus, both defendants had

7  received the summons and complaint in this action before the state court complaint was

8  delivered to Chubb Custom.

9       4.     Our office searched the records of the California Secretary of State  and learned

10  that the address of record for Allen Earley Planters Project, L.P. is 725 South Coast

11  Highway 101, Encinitas, California 92024. A true and correct copy of the printout from the

12  California Secretary of State website is attached as Exhibit C to the NOL.

13       5.     On June 24, 2008, I spoke with counsel for plaintiffs, Ralph Peters. This was

14  after the complaint and summons in this action had been served on both defendants. I told him

15  that I had heard that there were some subpoenas which had been served in the state court

16  action. He told me that there were "5 or 6" subpoenas. He would not tell me to whom they

17  were addressed. When I asked if there was anything else going on, he told me that there was

18  nothing that he could divulge. I later learned that there were at least 13 subpoenas which had

19  been served on third party witnesses. Nearly all of them were dated June 16, 2008, which we

20  learned after we were finally able to obtain a copy of them on June 27, 2008. Other than

21  subpoenas served on the City of Brawley, all of these subpoenas were served on persons and

22  entities outside of the County of Imperial. Most of the known witnesses are outside of

23  Imperial County; for all of these witnesses to travel to San Diego, near freeways and with a

24  long distance airport, would be much more convenient.

25       6.     The original state court complaint did not include the Allen Earley Planters

26  Project, LP, as a plaintiff, despite the fact that the insurance policy shows that this entity is a

27  named insured on the insurance policy at issue. On July 30, 2008, an Amendment to the

28  Complaint in the state court action, adding the Allen Earley Planters Project, LP, as a plaintiff

1  in the state court action, was served on Chubb Custom by mail.  This was after the federal

2  action had been filed, after our firm had filed a demurrer on this basis with the Imperial County

3  Superior Court, and after this motion had been filed.  A true and correct copy of this

4  amendment is attached as Exhibit D to the NOL.  (Although this amendment is dated

5  July 17, 2008, it was not mailed to us until July 30, 2008.  The state court demurrer was filed

6  on July 24, 2008, and is set for hearing on August 25, 2008, on the remaining issues on the

7  demurrer.)

8       I declare under penalty of perjury under the laws of the United States that the foregoing

9  is true and correct and within my personal knowledge.

10      Executed on August 22, 2008, at San Diego, California.

11

12

13

14                                          Elizabeth Smith-Chavez, Esq.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF ELIZABETH SMITH-CHAVEZ IN OPPOSITION TO MOTION TO DISMISS BASED ON
PRIOR PENDING STATE COURT ACTION

Gerald L. McMahon, Esq. (SBN 036050)
Elizabeth Smith-Chavez, Esq. (SBN 082900)
Kirsten Y. Zittlau, Esq. (SBN 220809)
SELTZER CAPLAN McMAHON VITEK
A Law Corporation
750 B Street, 2100 Symphony Towers
San Diego, California 92101-8177
Telephone:   (619) 685-3139
Facsimile:   (619) 702-6809

Attorneys for Plaintiff
CHUBB CUSTOM INSURANCE COMPANY

# UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF CALIFORNIA

| CHUBB CUSTOM INSURANCE COMPANY, a Delaware corporation<br><br>        Plaintiff,<br><br>    vs.<br><br>THE ALLEN EARLEY 1998 FAMILY TRUST, a California trust, ALLEN EARLEY PLANTERS PROJECT, LP, a California Limited Partnership, and DOES 1 through 10, inclusive,<br><br>        Defendants. | CASE NO. 08-CV1074 BTM (CAB)<br><br>**NOTICE OF LODGMENT IN OPPOSITION TO MOTION TO DISMISS BASED ON PRIOR PENDING STATE COURT ACTION**<br><br>Date:          September 5, 2008<br>Time:          11:00 a.m.<br>Courtroom:    15<br>Hon. Barry Ted Moskowitz |
|---|---|

Plaintiff CHUBB CUSTOM INSURANCE COMPANY, ("Chubb Custom") hereby lodges the following exhibits in support of its opposition to motion to dismiss based on prior pending state court action.

| EXHIBIT | DESCRIPTION |
|---|---|
| A | Proof of service for the summons and complaint served on the defendant The Allen Earley 1998 Family Trust on June 24, 2008. |

| EXHIBIT | DESCRIPTION |
|---------|-------------|
| B | Proof of service for the summons and complaint served on defendant Allen Earley Planters Project, L.P., on June 20, 2008. |
| C | Printout from the California Secretary of State website regarding Allen Earley Planters Project, L.P. |
| D | Amendment to the Complaint in the state court action, served July 30, 2008. |

Dated: August 22, 2008                    SELTZER CAPLAN MCMAHON VITEK
                                          A Law Corporation


                               By:    /s/ Elizabeth Smith-Chavez
                                      Gerald L. McMahon, Esq.
                                      Elizabeth Smith-Chavez, Esq.
                                      Kirsten Y. Zittlau, Esq.
                               Attorneys for Plaintiff CHUBB CUSTOM
                               INSURANCE COMPANY

2

NOTICE OF LODGMENT IN OPPOSITION TO MOTION TO DISMISS BASED ON PRIOR PENDING STATE COURT ACTION

# EXHIBIT "A"

PAUL WHITE  SBN:  146989
TRESSLER, SODERSTROM, MALONEY & PRIESS, LLP
1901 AVENUE OF THE STARS, #450
LOS ANGELES, CA 90067
(310) 203-4800

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | | CASE NUMBER:<br>08CV1074BTMCAB |
|---|---|---|
| CHUBB | Plaintiff(s) | |
| v. | | **PROOF OF SERVICE**<br>**SUMMONS AND COMPLAINT**<br>(Use separate proof of service for each person/party served) |
| THE ALLEN EARLEY | Defendant(s) | |

1. At the time of service I was at least 18 years of age and not a party to this action and served copies of the *(specify documents)*:

   a. [X] summons   [X] complaint   [ ] alias summons   [ ] first ammended complaint
   [ ] second amended complaint
   [ ] third amended complaint

   [X] other *(specify)*: **Civil Cover Sheet; Certificate & Notice of Interested Parties**

2. **Person served:**

   a. [X] Defendant *(name)*:  THE ALLEN EARLEY 1998 FAMILY TRUST
   b. [X] Other *(specify name and title or relationship to the party/business named)*:
      **RANDY DOE, 44, 5'9, CAUC, M - PERSON IN CHARGE**
   c. [X] Address where the papers were served: **690 W. MAIN STREET**
      **EL CENTRO, CA 92243**

3. **Manner of Service** in compliance with *(the appropriate box* must *be checked)*:

   a. [X] Federal Rules of Civil Procedure

   b. [ ] California Code of Civil Procedure

4. **I served** the person named in Item 2:

   a. [ ] By **Personal Service.** By personally delivering copies.  If the person is a minor, by leaving copies with a parent, guardian, conservator or similar fiduciary and to the minor if at least twelve (12) years of age.

      1. [ ] Papers were served on *(date)*:  at *(time)*:

   b. [X] By **Substituted Service.** By leaving copies:

      1. [ ] **(home)** at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household, at least 18 years of age, who was informed of the general nature of the papers.

      2. [X] **(business)** or a person apparently in charge of the office, or place of business, at least 18 years of age, who was informed of the general nature of the papers.

      3. [X] **Papers were served on** *(date)*: 06/23/2008 at *(time)*: **03:20 pm**

      4. [X] **by mailing** *(by first-class mail, postage prepaid)* copies to the person served in Item 2(b) at the place where the copies were left in Item 2(c).

      5. [X] **papers were mailed on** (date): **06/24/2008**

      6. [ ] **due diligence.** I made at least three (3) attempts to personally serve the defendant

---

**PROOF OF SERVICE - SUMMONS AND COMPLAINT**

c. ☐ **Mail and acknowledgment of service.** By mailing *(by first-class mail or airmail, postage prepaid)* copies to the person served, with two (2) copies of the form of Waiver of Service of Summons and Complaint and a return envelope, postage prepaid addressed to the sender. **(Attach completed Waiver of Service of summons and Complaint).**

d. ☐ **Service on domestic corporation, unincorporated association (including partnership), or public entity.** (F.R.Civ.P. 4(h)) (C.C.P. 416.10) By delivering, during usual business hours, a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute and the statute so requires, by also mailing, by first-class mail, postage prepaid, a copy to the defendant.

e. ☐ **Substituted service on domestic corporation, unincorporated association (including partnership), or public entity.** (C.C.P. 415.20 only) By leaving during usual business hours, a copy of the summons and complaint in the office of the person served with the person who apparently was in charge and thereafter by mailing *(by first-class mail, postage prepaid)* copies of the persons at the place where the copies were left in full compliance with C.C.P. 415.20  Substitute service upon the California Secretary of State requires a court order. **(Attach a copy of the order to this Proof of Service.)**

f. ☐ **Service on a foreign corporation.** In any manner prescribed for individuals by FRCP 4(f)

g. ☐ **Certified or registered mail service.** By mailing to an address outside California *(by first-class mail, postage prepaid, requiring a return receipt)* copies to the person served. **(Attach signed return receipt or other evidence of actual receipt by the person served).**

h. ☐ **Other** (specify code section and type of service):

5. Service upon the **United States, and Its Agencies, Corporations or Officers.**

a. ☐ by delivering a copy of the summons and complaint to the clerical employee designated by the U.S. Attorney authorized to accept service, pursuant to the procedures for the Office of the U.S. Attorney for acceptance of service, or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil procecss clerk at the U.S. Attorneys Office.

   Name of person served:

   Title of person served:

   Date and time of service:  *(date):*          at *(time):*

b. ☐ By sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States  at Washington, D C. **(Attach signed return receipt or other evidence of actual receipt by the person served).**

c. ☐ By sending a copy of the summons and complaint by registered or certified mail to the officer, agency or corporation **(Attach signed return receipt or other evidence of actual receipt by the person served).**

6. At the time of service I was at least 18 years of age and not a party to this action.

7. Person serving *(name, address and telephone number):*

   **Jesus Israel Flores**
   **Janney & Janney Attorney Service, Inc.**
   **1545 Wilshire Blvd., Ste. 311**
   **Los Angeles, CA 90017**
   **(213) 628-6338**

   a. Fee for service: $ **285.00**

   b. ☐ Not a registered California process server

   c. ☐ Exempt from registration under B&P 22350(b)

   d. ☒ Registered California process server
      Registration # :**2006-0004**

8. ☐ I am a California sheriff, marshal, or constable and I certify that the foregoing is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Date: July 9, 2008 _____**Jesus Israel Flores**_____     _____
                           *Type or Print Server's Name*                                              *(Signature)*

---

**PROOF OF SERVICE - SUMMONS AND COMPLAINT**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | | FOR COURT USE ONLY |
|---|---|---|
| PAUL WHITE SBN: 146989<br>TRESSLER, SODERSTROM, MALONEY & PRIESS, LLP<br>1901 AVENUE OF THE STARS, #450  LOS ANGELES, CA 90067 | | |
| TELEPHONE NO:(310) 203-4800          FAX NO:(310) 203-4850 | | |
| E-MAIL ADDRESS *(Optional)*: | | |
| ATTORNEY FOR *(Name)*: Plaintiff Chubb Custom Insurance Company | | |

| USDC - SOUTHERN DISTRICT - SAN DIEGO |
|---|
| STREET ADDRESS: 880 FRONT STREET |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: SAN DIEGO, CA 92101 |
| BRANCH NAME: SOUTHERN DISTRICT - SAN DIEGO |

| PLAINTIFF/PETITIONER: **CHUBB** |
|---|
| DEFENDANT/RESPONDENT: **THE ALLEN EARLEY** |

| NON SERVICE REPORT | CASE NUMBER:<br>08CV1074BTMCAB |
|---|---|

I received the within process on June 18, 2008 and that after due and diligent effort I have been unable to personally serve said witness. The following itemization of the dates and times of attempts details the efforts required to effect personal service. Additional costs for diligence are recoverable under CCP §1033.5 (a)(4)(B).

Servee: **THE ALLEN EARLEY 1998 FAMILY TRUST**
Documents: **summons;complaint;Civil Cover Sheet; Certificate & Notice of Interested Parties**

As enumerated below:

06/19/2008 --                    2802 WINONA CT
                                 IMPERIAL, CA 92251
         UNABLE TO EFFECT SERVICE AT BUSINESS ADDRESS GIVEN. LOCATION IS A RESIDENCE. HOUSE
         APPEARS VACANT....

Fee for Service: 285.00
          County: Imperial
          Registration No.: 2006-0004
          **Janney and Janney Attorney**
          **Service, Inc.**
          **1545 Wilshire Blvd.**
          **Los Angeles, CA 90017**
          **(213) 628-6338**

I declare under penalty of perjury under the laws of the State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on July 9, 2008 at Los Angeles, California.

Signature: _____
                   Jesus Israel Flores

**NON SERVICE REPORT**

Order#: 1255180/NonServe

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number, and address)*:<br>PAUL WHITE               SBN: 146989<br>TRESSLER, SODERSTROM, MALONEY & PRIESS, LLP<br>1901 AVENUE OF THE STARS, #450   LOS ANGELES, CA 90067 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: (310) 203-4800      FAX NO.: (310) 203-4850<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Plaintiff Chubb Custom Insurance Company | |

| USDC - SOUTHERN DISTRICT - SAN DIEGO |
|---|
| STREET ADDRESS: 880 FRONT STREET |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: SAN DIEGO, CA 92101 |
| BRANCH NAME: SOUTHERN DISTRICT - SAN DIEGO |

| PLAINTIFF/PETITIONER: **CHUBB** | |
|---|---|
| DEFENDANT/RESPONDENT: **THE ALLEN EARLEY** | |

| PROOF OF SERVICE BY MAIL | CASE NUMBER:<br>08CV1074BTMCAB |
|---|---|

I am a citizen of the United States and employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1545 Wilshire Blvd., Los Angeles, CA 90017.

On June 24, 2008, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCIV.P 4(d)(1) was made, I mailed copies of the:

       summons;complaint;Civil Cover Sheet; Certificate & Notice of Interested Parties

to the defendant in said action by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at LOS ANGELES, California, addressed as follows:

       THE ALLEN EARLEY 1998 FAMILY TRUST
       690 W. MAIN STRET
       EL CENTRO, CA 92251

I am readily familiar with the firm's practice for collection and processing of documents for mailing. Under that practice, it would be deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid at LOS ANGELES, California in the ordinary course of business.

Fee for Service: 285.00



Janney & Janney Attorney Service, Inc.
1545 Wilshire Blvd., Ste. 311
Los Angeles, CA 90017
(213) 628-6338

I declare under penalty of perjury under the laws of the State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on July 9, 2008.

Signature: _____
             Luz Vargas

**PROOF OF SERVICE BY MAIL**

Order#: 1255180/GProof5

# EXHIBIT "B"

TRESSLER, SODERSTROM, MALONEY & PRIESS, LLP
1901 AVENUE OF THE STARS, #450
LOS ANGELES, CA 90067
(310) 203-4800

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

CASE NUMBER:
**08CV1074BTMCAB**

CHUBB                                     Plaintiff(s)

v.

THE ALLEN EARLEY PLANTERS PROJECT  Defendant(s)

**PROOF OF SERVICE
SUMMONS AND COMPLAINT**
(Use separate proof of service for each person/party served)

1. At the time of service I was at least 18 years of age and not a party to this action and I served  copies of the *(specify documents):*

   a. ☐ summons          ☐ complaint          ☐ alias summons          ☐ first ammended complaint
                                                                         ☐ second amended complaint
                                                                         ☐ third amended complaint
   ☒ other *(specify):* Summons; Complaint; Certificate and Notice of Interested Parties; Civil Cover Sheet

2. **Person served:**

   a. ☒ Defendant *(name:)* ALLEN EARLEY PLANTERS PROJECT, L.P., A CALIFORNIA LIMITED PARTNERSHIP
   b. ☒ Other *(specify name and title or relationship to the party/business named):*
      JAMES J. SCHMID, AGENT - BY LEAVING WITH CHENEQUA DANGERFIELD, RECEPTIONIST
   c. ☒ Address where the papers were served: 5993 AVENIDA ENCINAS, #101
      CARLSBAD, CA 92008

3. **Manner of Service** in compliance with *(the appropriate box must be checked):*

   a. ☒ Federal Rules of Civil Procedure
   b. ☐ California Code of Civil Procedure

4. I served the person named in Item 2:

   a. ☐ By **Personal Service.** By personally delivering copies. If the person is a minor, by leaving copies with a parent, guardian, conservator or similar fiduciary and to the minor if at least twelve (12) years of age.

      1 ☐ Papers were served on *(date):* at *(time):*

   b. ☒ By **Substituted Service.** By leaving copies:

      1. ☐ **(home)** at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household, at least 18 years of age, who was informed of the general nature of the papers.

      2. ☒ **(business)** or a person apparently in charge of the office, or place of business, at least 18 years of age, who was informed of the general nature of the papers.

      3. ☒ Papers were served on *(date):* 06/19/2008 at *(time):* 04:58 pm

      4. ☒ by **mailing** *(by first-class mail, postage prepaid)* copies to the person served in Item 2(b) at the place where the copies were left in Item 2(c).

      5. ☒ papers were mailed on (date): 06/20/2008

      6. ☐ **due diligence.** I made at least three (3) attempts to personally serve the defendant.

---

PROOF OF SERVICE - SUMMONS AND COMPLAINT

CV-1 (04/01)

PAGE 1

CV-1/1255179

c. ☐ **Mail and acknowledgment of service.** By mailing *(by first-class mail or airmail, postage prepaid)* copies to the person served, with two (2) copies of the form of Waiver of Service of Summons and Complaint and a return envelope, postage prepaid addressed to the sender  **(Attach completed Waiver of Service of summons and Complaint)**.

d. ☐ **Service on domestic corporation, unincorporated association (including partnership), or public entity.** (F.R.Civ.P. 4(h)) (C.C.P. 416.10) By delivering, during usual business hours, a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute and the statute so requires, by also mailing, by first-class mail, postage prepaid, a copy to the defendant

e. ☐ **Substituted service on domestic corporation, unincorporated association (including partnership), or public entity.** (C.C.P. 415.20 only) By leaving during usual business hours, a copy of the summons and complaint in the office of the person served with the person who apparently was in charge and thereafter by mailing *(by first-class mail, postage prepaid)* copies of the persons at the place where the copies were left in full compliance with C.C.P. 415.20  Substitute service upon the California Secretary of State requires a court order. **(Attach a copy of the order to this Proof of Service.)**

f. ☐ **Service on a foreign corporation.** In any manner prescribed for individuals by FRCP 4(f)

g. ☐ **Certified or registered mail service.** By mailing to an address outside California *(by first-class mail, postage prepaid, requiring a return receipt)* copies to the person served. **(Attach signed return receipt or other evidence of actual receipt by the person served).**

h. ☐ **Other** (specify code section and type of service):

5. Service upon the **United States, and Its Agencies, Corporations or Officers.**

a. ☐ by delivering a copy of the summons and complaint to the clerical employee designated by the U.S. Attorney authorized to accept service, pursuant to the procedures for the Office of the U.S. Attorney for acceptance of service. or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the U.S. Attorneys Office.

Name of person served:

Title of person served:

Date and time of service: *(date):*          at *(time):*

b. ☐ By sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States  at Washington, D.C. **(Attach signed return receipt or other evidence of actual receipt by the person served).**

c. ☐ By sending a copy of the summons and complaint by registered or certified mail to the officer, agency or corporation **(Attach signed return receipt or other evidence of actual receipt by the person served).**

6. At the time of service I was at least 18 years of age and not a party to this action.

7. Person serving *(name, address and telephone number):*

**MICHAEL V. TRINH**
**JANNEY AND JANNEY**
**4891 PACIFIC HIGHWAY**
**SAN DIEGO, CA 92110**
**(619) 231-9811**

a. Fee for service: $ **205.00**

b. ☐ Not a registered California process server

c. ☐ Exempt from registration under B&P 22350(b)

d. ☒ Registered California process server
Registration # :1429

8. ☐ I am a California sheriff. marshal, or constable and I certify that the foregoing is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Date: **June 25, 2008** _____ **MICHAEL V. TRINH** _____          _____
*Type or Print Server's Name*                                    *(Signature)*

---

**PROOF OF SERVICE - SUMMONS AND COMPLAINT**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name  State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| TRESSLER, SODERSTROM, MALONEY & PRIESS, LLP<br>1901 AVENUE OF THE STARS, #450   LOS ANGELES, CA 90067<br><br>  TELEPHONE NO.: **(310) 203-4800**          FAX NO.: **(310) 203-4850**<br>E-MAIL ADDRESS *(Optional)*:<br>  ATTORNEY FOR *(Name)*:  **Plainitff** | |

| USDC - SOUTHERN DISTRICT - SAN DIEGO |
|---|
|   STREET ADDRESS: **880 FRONT STREET** |
|   MAILING ADDRESS: |
|   CITY AND ZIP CODE: **SAN DIEGO, CA 92101** |
|   BRANCH NAME: **SOUTHERN DISTRICT - SAN DIEGO** |

| PLAINTIFF/PETITIONER:  **CHUBB** |
|---|
| DEFENDANT/RESPONDENT:  **THE ALLEN EARLEY PLANTERS PROJECT** |

| PROOF OF SERVICE BY MAIL | CASE NUMBER:<br>  **08CV1074BTMCAB** |
|---|---|

I am a citizen of the United States and employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1545 Wilshire Blvd., Los Angeles, CA 90017.

On June 20, 2008, after substituted service under  section CCP 415.20(a) or 415.20(b) or FRCIV.P 4(d)(1) was made, I mailed copies of the:

> **Summons; Complaint; Certificate and Notice of Interested Parties; Civil Cover Sheet**

to the defendant in said action by placing a true  copy thereof enclosed in a sealed envelope, with First Class postage thereon fully  prepaid, in the United States Mail at LOS ANGELES, California, addressed as follows:

> **ALLEN EARLEY PLANTERS PROJECT, L.P., A CALIFORNIA LIMITED PARTNERSHIP**
> **5993 AVENIDA ENCINAS #101**
> **CARLSBAD, CA 92008**

I am readily familiar with the firm's practice for  collection and processing of documents for mailing.  Under that practice, it would be  deposited within the United States Postal Service, on that same day, with postage  thereon fully prepaid at LOS ANGELES, California in the ordinary course of  business.

Fee for Service: 205.00

Janney & Janney Attorney Service, Inc.
1545 Wilshire Blvd., Ste. 311
Los Angeles, CA 90017
(213) 628-6338

I declare under penalty of perjury under the laws of the State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on June 25, 2008.

Signature: _____

Luz Vargas

**PROOF OF SERVICE BY MAIL**

Order#: 1255179/GProof5

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| TRESSLER, SODERSTROM, MALONEY & PRIESS, LLP<br>1901 AVENUE OF THE STARS, #450  LOS ANGELES, CA 90067<br>   TELEPHONE NO  (310) 203-4800          FAX NO : (310) 203-4850<br>E-MAIL ADDRESS *(Optional)*:<br>   ATTORNEY FOR *(Name)*:  Plalnitff | |

| USDC - SOUTHERN DISTRICT - SAN DIEGO |
|---|
|    STREET ADDRESS: 880 FRONT STREET |
|    MAILING ADDRESS: |
| CITY AND ZIP CODE: SAN DIEGO, CA 92101 |
|    BRANCH NAME: SOUTHERN DISTRICT - SAN DIEGO |

| PLAINTIFF/PETITIONER:  CHUBB |
|---|
| DEFENDANT/RESPONDENT:  THE ALLEN EARLEY PLANTERS PROJECT |

| NON SERVICE REPORT | CASE NUMBER<br>08CV1074BTMCAB |
|---|---|

I received the within process on June 18, 2008 and that after due and diligent effort I have been unable to personally serve said witness. The following itemization of the dates and times of attempts details the efforts required to effect personal service. Additional costs for diligence are recoverable under CCP §1033.5 (a)(4)(B).

   Servee:    **ALLEN EARLEY PLANTERS PROJECT, L.P., A CALIFORNIA LIMITED PARTNERSHIP**
Documents:   **Summons; Complaint; Certificate and Notice of Interested Parties; Civil Cover Sheet**

As enumerated below:

   06/19/2008 -- 11:00 am                    725 SOUTH COAST HIGHWAY 101
                                             ENCINITAS, CA 92024
   UNABLE TO EFFECT SERVICE AT BUSINESS ADDRESS. ADDRESS GIVEN IS IN REAR OF BUILDINGS
   WITH NO SIGN ON DOOR. COMPANY HERE IS CALLED "EYESPOT CORPORATION" AND HAS BEEN
   HERE 9 MONTHS. LADY HERE HAS NEVER HEARD OF ENTITY COMPANY OR AGENT.

Fee for Service: 205.00

**J J**  County:  SAN DIEGO
Registration No.:  1429
**Janney and Janney Attorney
Service, Inc.
1545 Wilshire Blvd.
Los Angeles, CA 90017
(213) 628-6338**

I declare under penalty of perjury under the laws of the State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on June 27, 2008 at SAN DIEGO, California.

Signature: _____
            Kenneth Robert Maskil, Jr.

**NON SERVICE REPORT**

Order#: 1255179/NonServe

# EXHIBIT "C"



## California Business Portal

Secretary of State DEBRA BOWEN

**DISCLAIMER:** The information displayed here is current as of Jul 4, 2008 and is updated weekly. It is not a complete or certified record of the Limited Partnership or Limited Liability Company.

| LP/LLC | | |
|---|---|---|
| ALLEN EARLEY PLANTERS PROJECT, L.P. | | |
| **Number:** 200522100008 | **Date Filed:** 8/8/2005 | **Status:** active |
| Address | | |
| 725 SOUTH COAST HIGHWAY 101 | | |
| ENCINITAS, CA 92024 | | |
| Agent for Service of Process | | |
| JAMES J. SCHMID | | |
| 725 SOUTH COAST HIGHWAY 101 | | |
| ENCINITAS, CA 92024 | | |

Blank fields indicate the information is not contained in the computer file.

If the agent for service of process is a corporation, the address of the agent may be requested by ordering a status report. Fees and instructions for ordering a status report are included on the Business Entities Records Order Form.

# EXHIBIT "D"

1   Peter C. Ward, Esq.          SBN 126459
    Christopher H. Hagen, Esq    SBN 179529
2   Ralph W. Peters, Esq,        SBN 126948
3   WARD & HAGEN, LLP
    440 Stevens Avenue, Suite 350
4   Solana Beach, California 92075
    Telephone:    (858) 847-0505
5   Facsimile:    (858) 847-0105
6   Attorneys for PLAINTIFFS THE ALLEN
    EARLEY 1998 FAMILY TRUST; P. ALLEN
7   EARLEY; and THE ALLEN EARLEY
    PLANTERS PROJECT, L.P.
8
9                SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    FOR THE COUNTY OF IMPERIAL

11  THE ALLEN EARLEY 1998 FAMILY TRUST        Case No.  EUCO4461
    and P. ALLEN EARLEY,
12
13              Plaintiffs,                   AMENDMENT TO COMPLAINT

14              v.

15  CHUBB CUSTOM INSURANCE COMPANY,           Hon. Joseph Zimmerman
    et al.                                    Department: 9
16
                Defendants,
17                                            FILE BY FAX

18       Plaintiffs THE ALLEN EARLEY 1998 FAMILY TRUST and P. ALLEN EARLEY

19  amend their complaint in this action as follows:

20  1.      In the frontispiece and caption of the Complaint on file herein, at Page 1, lines 7 and

21  11, add the name "THE ALLEN EARLEY PLANTERS PROJECT, L.P." as a plaintiff party.

22  2.      Add at page 1, line 24 the name "THE ALLEN EARLEY PLANTERS PROJECT,

23  L.P." to list of plaintiffs.

24  3.      Add to the end of paragraph 2 at page 2 the following language:  "Further, and at

25  relevant times referenced herein, the Allen Earley Planters Project, L.P. was a Limited

26  Partnership lawfully organized and operating under the laws of the State of California. At

27  relevant times referenced herein, the ALLEN EARLEY 1998 FAMILY TRUST was the



1  Peter C. Ward, Esq           SBN 126459
   Christopher H. Hagen, Esq.   SBN 179529
2  Ralph W. Peters, Esq         SBN 126948
3  **WARD & HAGEN, LLP**
   440 Stevens Avenue, Suite 350
4  Solana Beach, California 92075
   Telephone:    (858) 847-0505
5  Facsimile:    (858) 847-0105

6  Attorneys for PLAINTIFFS THE ALLEN
   EARLEY 1998 FAMILY TRUST; P. ALLEN
7  EARLEY; and THE ALLEN EARLEY
   PLANTERS PROJECT, L.P.

8

9                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                    **FOR THE COUNTY OF IMPERIAL**

11  THE ALLEN EARLEY 1998 FAMILY TRUST        Case No.  EUCO4461
    and P. ALLEN EARLEY,
12
                    Plaintiffs,              **AMENDMENT TO COMPLAINT**
13
                    v.
14
    CHUBB CUSTOM INSURANCE COMPANY,          **Hon. Joseph Zimmerman**
15  *et al*                                  **Department: 9**

16                   Defendants.

17  _____

18        Plaintiffs THE ALLEN EARLEY 1998 FAMILY TRUST and P. ALLEN EARLEY

19  amend their complaint in this action as follows:

20  1.      In the frontispiece and caption of the Complaint on file herein, at Page 1, lines 7 and

21  11, add the name "THE ALLEN EARLEY PLANTERS PROJECT, L.P." as a plaintiff party.

22  2.      Add at page 1, line 24 the name "THE ALLEN EARLEY PLANTERS PROJECT,

23  L.P." to list of plaintiffs.

24  3.      Add to the end of paragraph 2 at page 2 the following language:   "Further, and at

25  relevant times referenced herein, the Allen Earley Planters Project, L.P. was a Limited

26  Partnership lawfully organized and operating under the laws of the State of California. At

27  relevant times referenced herein, the ALLEN EARLEY 1998 FAMILY TRUST was the

28  General Partner of the Allen Earley Planters Project, L.P. and the beneficial owner of any and

                                    i

1   all interests in the Planters Hotel held by the Allen Earley Planters Project, L.P.

2   4.     At Page 22, lines 19-20, add the name "THE ALLEN EARLEY PLANTERS

3   PROJECT, L.P." as a plaintiff party.

4

5                             **WARD & HAGEN, LLP**

6   Dated: July 17, 2008

7                           By:      _____

8                                 Peter C. Ward
                                 Ralph W. Peters

9                                 *Attorneys for Plaintiffs*
                               P. ALLEN EARLEY 1998 FAMILY TRUST,

10                              P. ALLEN EARLEY, and THE ALLEN
                               EARLEY PLANTERS PROJECT, L.P.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*AMENDMENT TO PLAINTIFFS' COMPLAINT*

1  Earley v Chubb
   Superior Court of California - Imperial County
2  Case No  EUCO4461

3                    **PROOF OF SERVICE**

4       I am employed in the County of San Diego, State of California  I am over the age of eighteen years and not a
   party to the within action; my business address is 440 Stevens Avenue, Suite 350, Solana Beach, California  92075.

5       On July 30, 2008, I served the following document(s) described as:

6                  **AMENDMENT TO COMPLAINT**

7  on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as
8  follows:

9              Elizabeth Smith-Chavez
              **Seltzer Caplan McMahon Vitek**
10             Symphony Towers
              750 B Street
11             San Diego, CA 92101
              619.685.3003 [Tel.]
12             619.685.3100 [Fax]
              *Attorneys for Plaintiffs*

13 ▶  **BY MAIL:**  I am readily familiar with the firm's practice of collection and processing correspondence for
14     mailing  Under that practice it would be deposited with the U S  postal service on that same day with postage
       thereon fully prepaid at San Diego, California in the ordinary course of business pursuant to Code of Civil
15     Procedure Section 1013(a)  I am aware that on motion of the party served, service is presumed invalid if
       postal cancellation date or postage meter date is more than one day after date of deposit for mailing in
16     affidavit.

17 ☐  **BY FACSIMILE:**  I served said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the
       California Rules of Court  The telephone number of the sending facsimile machine was (858) 847-0105.
18     The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service
       list   The sending facsimile machine issued a transmission report confirming that the transmission was
19     complete and without error

20 ☐  **BY PERSONAL SERVICE:**  I hand-delivered said document(s) to the addressee(s) pursuant to Code of
       Civil Procedure Section 1011.

21 ☐  **BY EXPRESS MAIL:**  I caused said document(s) to be deposited in a box or other facility regularly
       maintained by the express service carrier providing overnight delivery pursuant to Code of Civil Procedure
22     Section 1013(c)

23     **Executed on July 30, 2008, at San Diego, California.**

24     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and
25 correct.

26                      _Judy Richwine_
                         Judy Richwine
27

28

                    PROOF OF SERVICE

1 | Gerald L. McMahon, Esq. (SBN 036050)
Elizabeth A. Smith-Chavez, Esq. (SBN 082900)
2 | Kirsten Y. Zittlau, Esq. (SBN 220809)
3 | SELTZER CAPLAN McMAHON VITEK
A Law Corporation
4 | 750 B Street, 2100 Symphony Towers
5 | San Diego, California 92101-8177
Telephone:   (619) 685-3139
6 | Facsimile:   (619) 702-6809

7 | Attorneys for Plaintiff
8 | CHUBB CUSTOM INSURANCE COMPANY

9 | **UNITED STATES DISTRICT COURT FOR**
10 | **THE SOUTHERN DISTRICT OF CALIFORNIA**

11 |

12 | CHUBB CUSTOM INSURANCE ) CASE NO. 08-CV1074 BTM (CAB)
COMPANY, a Delaware corporation )
13 | )
14 |               Plaintiff, )  **AFFIDAVIT OF SERVICE BY**
)  **ELECTRONIC MAIL**
15 |       vs. )
16 | )
THE ALLEN EARLEY 1998 FAMILY )
17 | TRUST, a California trust; ALLEN EARLEY )
PLANTERS PROJECT, LP, a California )
18 | Limited Partnership, and DOES 1 through 10, )
19 | inclusive, )
             Defendants. )
20 | )
21 | _____ )

22 |

23 |       I, the undersigned declare under penalty of perjury of the laws of the United States that I

24 | am over the age of eighteen years and not a party to this action, that on **August 22, 2008**, I

25 | served the following document(s):

26 |
     1. Plaintiff's Memorandum of Points and Authorities in Opposition to Motion to Dismiss
27 |        Based on Prior Pending State Court Action.

28 |

AFFIDAVIT OF SERVICE                                     CASE NO. 08 CV 1074 BTM (CAB)

2. Declaration of Elizabeth Smith-Chavez in Opposition to Motion to Dismiss Based on Prior Pending State Court Action

3. Declaration of Antonio Ramirez, Jr. in Opposition to Motion to Dismiss Based on Prior Pending State Court Action

4. Notice of Lodgment in Opposition to Motion to Dismiss Based on Prior Pending State Court Action.

on the below named person(s) by electronically filing and serving the above-documents in PDF format with the Electronic Case Management System, for each addressee named below:

Peter C. Ward, Esq.                        Attorneys for Defendants
Christopher H. Hagen, Esq.
Ralph W. Peters, Esq.
Ward & Hagen LLP
440 Stevens Avenue, Suite 350
Solana Beach, California 92075
Email: rpeters@wardhagen.com
Telephone: 858-847-0505
Facsimile: 858-847-0105

Executed on August 22, 2008, at San Diego, California.

/s/ *Katherine Young*
Katherine Young