Peter C. Ward, Esq.          SBN 126459
Christopher H. Hagen, Esq.   SBN 179529
Ralph W. Peters, Esq.        SBN 126948
**WARD & HAGEN, LLP**
440 Stevens Avenue, Suite 350
Solana Beach, California 92075
Telephone:   (858) 847-0505
Facsimile:   (858) 847-0105

Attorneys for DEFENDANTS

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHUBB CUSTOM INSURANCE COMPANY, a Delaware Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>THE ALLEN EARLEY 1998 FAMILY TRUST, a California Trust; ALLEN EARLEY PLANTERS PROJECT, LP, a California Limited Partnership, and Does 1-10<br><br>Defendants. | CASE NO. 2008 CV 1074 BTM CAB<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND/STAY BASED ON PRIOR PENDING STATE COURT ACTION**<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY COURT**<br><br>Date:  September 5, 2008<br>Time:  11:00 a.m.<br>Place: Courtroom 15<br>Hon.   Barry T. Moskowitz |

Defendants The Allen Earley 1998 Family Trust and the Allen Earley Planters Project, L.P. ("Defendants" or "Earley") respectfully submit the following Reply points and authorities in response to the opposition papers filed by Chubb Custom Insurance Company ("Chubb").

## I.

## INTRODUCTION

In its opposition brief, Chubb has attempted to introduce some drama into a relatively straight-forward question of appropriate jurisdiction. With a stunning combination of artifice, gall, and a flair for the fictional, Chubb argues (1) that somehow it did not know that its insureds, Allen Earley, et al., were

1

about to file an insurance bad faith action ("State Action") in state court, (2) that its single action case is markedly different from the insurance bad faith action filed in state court, that (3) that judicial economy and wise judicial administration are best served by having two parallel actions, and (4) perhaps most preposterously, that a better forum for the Earley case is downtown San Diego, 120 miles from the incident, the residence of the insureds and two of the defendants, and the vast majority of witnesses.

Most of the arguments made by Chubb can be filed under the "So what?" category. Those that aren't are based on either a twisting of the facts or a misconstruction of operative case law. They certainly do not address why proceeding with two actions would serve the ends of justice or judicial efficiency, or perhaps more importantly, how they would address the possibility of, if not likelihood of conflicting rulings and decisions. Defendants address Chubb's arguments, below.

## II.

## SUMMARY OF CHUBB'S ARGUMENT

Per above, Chubb has made several arguments that must be addressed at the outset. First, there is the contention that Chubb was not aware of the State court filing. While it may be true that Chubb did not know the case number of the state court action at the time they filed their federal action, they knew without question that Earley intended to file an action in Imperial County Superior Court. How did Chubb know this? BECAUSE they (actually, their then counsel, Paul White of Tressler, Soderstrom) were told that this would happen during and at the close of a mediation held on June 9, 2008 in this matter. Prior to the mediation, the likelihood of litigation – in state court – was expressed by Earley counsel to Chubb counsel on at least several occasions. Indeed, this office sent a courtesy copy of the State Action to Mr. White on June 18, 2008. See, Declaration of Peter Ward. Certainly, it has never been a secret that Earley would be forced to file suit if Chubb did not make good on its coverage and indemnity obligations. Indeed, given the facts, a very good argument can be made that Chubb had intended to get the jump on Earley, lost the race to the courthouse, and having lost that race, now projects its sour grapes on Defendants. One must ask – why would an insurance company take the unusual step of initiating a lawsuit against an insured? Chubb's actions were clearly anticipatory.

Second, Chubb makes much of the fact that the initial pleading filed in Imperial County only

listed *one* of the insureds on the subject Chubb fire policy. This was an inadvertent exclusion, and was remedied almost immediately on recognition, by the filing on July 17, 2008 of an amendment to the state court complaint, adding Allen Earley Planters Project LP ("LP") as a plaintiff. See, Declaration of Peter Ward. Chubb, never one to rest on its haunches, filed a demurrer on the "cured" issue, as well as another issue, on July 24, 2008. Giving Chubb the benefit of the doubt, it can be said that the amendment to complaint, adding LP, and Chubb's demurrer "crossed" in the mails. Common practice in San Diego, however, is for counsel to call other counsel, point out deficiencies in pleadings, and give that counsel an opportunity to amend. Chubb chose instead to simply file a demurrer as to what was essentially a clerical error.

Third, Chubb makes repetitive references to the fact that the Chubb Federal filing was only a *few* days after the Earley state court filing. This is true, but priority has been established, not only by the date of the filing, but also by the level of activity in the state court action. While this will be discussed in greater detail, below, there has been considerable activity in the state court action, while the only activity in the Federal action has been the filing by Earley of the instant motion to dismiss. Additionally, there is much innuendo about late service of the State Action complaint. That is thru no fault of Defendants, who relied upon information and addresses listed in the Chubb policy, which proved to be false. See, Declaration of Peter Ward.

Fourth, Chubb emphasizes that the two actions are "different." That is true – the State court action is far more complete and will – in one forum at one time – resolve all issues. Chubb's action is only one for declaratory relief – an action in equity, the significance of which is discussed, *infra*.

Fifth, Chubb claims that the *Colorado River* abstention doctrine does not apply, and has made a number of disingenuous and muddled arguments that the six criteria for applying such an abstention rule do not obtain here. Defendants will revisit the *Colorado River* doctrine and discuss another form of abstention – *Brillhart* Abstention, and provide additional reasons why *Colorado River* and *Brillhart* support a dismissal, or at the very least a stay, of Chubb's Federal Court action.

///

///

## III.

## BRILLHART ABSTENTION DOCTRINE

Declaratory relief actions are subject to another abstention policy, referred to as the *Brillhart* Abstention Doctrine, named after the case of *Brillhart v. Excess Insurance Co.* (1941) 316 U.S. 491.[1] The essential facts of *Brillhart* are that an insurance company, anticipating a suit by an insured on an insurance policy dispute, filed a declaratory relief action in federal court. The issues presented in the federal court action involved only issues that were dispositive under existing state laws and statutes. There was a parallel action filed by the insured pending in a state court proceeding.

The United States Supreme Court affirmed the dismissal of the suit, agreeing that although the district court had jurisdiction to hear the suit, "it was under no compulsion to exercise that jurisdiction." *Id,* at 494. The Supreme Court also stated, that when federal courts are presented with a suit under the Declaratory Judgment Act[2] and there is a pending parallel state proceeding, the question is whether the controversy "can be better settled in the preceding in the state court." *Id*, at 495.

Subsequent to *Brillhart,* the court handed down the *Colorado River* and *Moses H. Cone* cases[3]. While there was some initial dispute as to whether *Brillhart* was overruled by *Moses Cone*, this issue was resolved in 1995 by the U.S. Supreme Court in the case of *Wilton v. Seven Falls Co.*(1995) 515 U.S. 277. The *Wilton* Court found that *Brillhart* had not been overruled by *Colorado River* or *Moses H. Cone,* in that neither case had dealt with declaratory relief actions. *Id*, at 285. "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial

---

[1] *Brillhart*, and its progeny, *Wilton v. Seven Falls Co.* (1995) 515 US 277, were not referenced in Defendants' opening brief. This omission was not by design, but due to the relatively obscure and arcane nature – at least to Defendants' counsel - of the issue which is presently before the court.

[2] 28 U.S.C Sec. 2201
   (a) **In a case of actual controversy within its jurisdiction,** except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(10) of the Tariff Act of 1930), as determined by the administering authority, **any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.** (emphasis added)

[3] *Colorado River Water, et al. v. U.S.* (1976) 424 U.S. 800; *Moses H. Cone v. Mercury Constr. Corp.* (1983). 460 U.S. 1.

discretion in deciding whether to declare the rights of litigants." *Id.* The *Wilton* court noted that the Declaratory Judgment Act creates "an opportunity, rather than a duty," to grant relief to qualifying litigants. Id., at 288.

The *Wilton* court provided additional helpful language on this issue. "[A]t least where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in '[g]ratuitous interference,' if it permitted the federal declaratory action to proceed." Id., at 283 (quoting *Brillhart*, 316 U.S. at 495).

The rule then under the *Brillhart* Abstention Doctrine, as reinforced by *Wilton*, is that when a federal court is faced with a suit involving the resolution of state issues brought under the Declaratory Judgment Act by parties *who are also parties in a pending parallel state proceeding,* the court has *substantial discretion* to stay the proceedings in favor of the pending state suit. Id, at 289. In such an instance, the *Wilton* court concluded that the *Colorado River* and *Moses H. Cone* "exceptional circumstances" test was inapplicable. *Id.*

In *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1367 (9th Cir. 1991), the court addressed the three primary rationales for the development of the *Brillhart* Abstention Doctrine:

> On the other hand, an examination of the rationales underlying the *Brillhart* decision suggests the district court took the proper course. The Court in Brillhart founded its holding on at least three rationales. First, the Court wanted to avoid having federal courts needlessly determine issues of state law. The Court recognized the difficulty federal district courts would have in ruling on complex state law issues when it warned that "scattered opinions of an intermediate appellate court of a State may convey only doubts and confusion to one inexpert in the law of that State and yet be entirely clear and consistent when placed in the mosaic of the whole law of that State." *Brillhart, supra*, at 497.
>
> Second, there is a concern that parties could attempt to avoid state court proceedings by filing declaratory relief actions in federal court. This kind of forum shopping could be avoided by requiring district courts to inquire into the availability of state court proceedings to resolve all issues without federal intervention. Id. at 495.
>
> Third, the Court no doubt wanted to avoid duplicitous litigation. As the Court noted, "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." Id.

See, e.g., 40235 *Washington Street Corp. v. W.C. Lusardi, et al.*, 976 F.2d 587, 592 (9th Cir. 1992) "In declaratory relief cases, however, the test set forth in *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 62 S. Ct. 1173, 86 L.Ed. 1620 (1942), applies." See, e.g., *Continental Casualty Co. v. Robsac*

1  *Indus.*, 947 F.2d 1367, 1369 (9th Cir. 1991).

2  The facts and circumstances of this controversy exactly mirror the fact pattern in *Brillhart*. One, there is a pending parallel[4] state court action. Two, there is an insurance company filing a declaratory relief action (a Declaratory Judgment Act claim) against its insured in federal court. Three, the issues presented in the federal action are dispositive by state law.

As noted, a declaratory relief action is an action in equity. The Chubb action does not seek damages, but merely a declaration by the court as to the rights and duties of the parties to a certain insurance contract. In cases where relief being sought is equitable and nature and otherwise discretionary, federal courts not only have the power to stay in action based on abstention principles, but can also, in otherwise appropriate circumstances, declined to exercise jurisdiction altogether by either dismissing the suit or remanding it to state court. *Quackenbush v. Allstate insurance Co.* (1996) 517 U.S. 706. *Quackenbush* further states that it has long been established that federal courts have the authority to decline and to exercise its jurisdiction when it is asked to employ its historic powers as a court of equity.

### IV.

### DEFENDANTS MEET THE COLORADO RIVER ABSTENTION CRITERIA

In the event that this court concludes that *Brillhart* abstention does not apply, Defendants nevertheless meet the "exceptional circumstance" *Colorado River*[5] factors, as augmented by *Moses H. Cone v. Mercury Constr. Corp.* 460 U.S. 1, 24, 27, (1983).

**A. Review:**

By way of review and per *40235 Washington Street Corp. v. W.C. Lusardi, supra*, at 590-591, *Colorado River* is an abstention doctrine, wherein "the Court articulated four factors for determining whether sufficiently exceptional circumstances exist to warrant abstention: (1) whether either the state or federal court has exercised jurisdiction over a res; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which the forums obtained

---

[4] Exact parallelism between the federal action and state court action is not necessary. *Nakash v. Marciano* (9th Cir. 1989) 882 F. 2d 1411; Substantial similarity will suffice for purposes of allowing abstention. *Silvaco Data Systems v. Technology Modeling Associates, Inc.* (N.D. Cal. 1995) 896 F. Supp 973; *Fireman's Fund v. Quackenbush* (9th Cir. 1996) 87 F.3d 290.

[5] The *Colorado River* abstention doctrine has been referred to as a form of deference to state court jurisdiction, rather than a recognized form of abstention. *Coopers and Lybrand v Sun Diamond Growers of CA* (9th Cir. 1990) 912 F2d 1135.

6

***REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS***
***CASE NO. 2008 CV 1074 BTM CAB***

jurisdiction. *Colorado River, supra*, at 818. In *Moses H. Cone*, the Court added two more considerations: (5) whether federal or state law controls the decision on the merits; and (6) whether the state court can adequately protect the rights of the parties. *Moses H. Cone, supra*, at 24, 27.

Before revisiting the six criteria, it should be mentioned that the *Colorado River* abstention doctrine has been referred to as a form of deference to state court jurisdiction, rather than a recognized form of abstention. *Coopers and Lybrand v. Sun Diamond Growers of CA* (9th Cir. 1990) 912 F. 2d 1135. See, e.g., *Quackenbush v. Allstate insurance Co.* (1996) 517 U.S. 706; *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*(1952) 342 U.S. 180, 183.

### B. *Moses Cone* is Inapposite:

*Colorado River* found for abstention, while *Moses Cone* concluded abstention was inapplicable. Naturally, Chubb relies on *Moses Cone*, skirts *Colorado River*, and flat-out ignores the *Nakash v. Marciano* case.[6] *Moses Cone* - on its facts - is inapplicable. In *Moses Cone*, the prior pending state court action was one simply for declaratory relief, while the action brought in federal court was to compel arbitration under the Federal Arbitration Act. The *Moses Cone* court concluded that there was no showing of the requisite exceptional circumstances to justify the District Court's stay order. While finding that there might be some "piecemeal" effect, the *Moses Cone* court found that "petitioner will be forced to resolve the dispute with respondent and the related dispute with the architect in different forums . . . not the result of any choice between federal and state courts but occurs because the relevant federal law, the Arbitration Act, requires piecemeal resolution when necessary to give effect to an arbitration agreement. Hence, a decision to allow the issue of arbitrability to be decided in federal rather than state court does not cause piecemeal resolution of the parties' underlying disputes. And the fact that the state-court suit was filed before the federal suit is not sufficient reason to justify the stay order, where because petitioner's refusal to arbitrate did not occur until less than a day before it filed its state suit, respondent had no reasonable opportunity to file its federal suit first. . . . The stay order thus frustrated the Arbitration Act's policy of rapid and unobstructed enforcement of arbitration agreements." *Moses Cone, supra,* at 19-23.

---

[6] Not to mention the *Brillhart* Abstention Doctrine. Given the nature of Seltzer, Caplan, et al's extensive federal and insurance practice, this might be seen as curious.

### C. Factors:

With respect to the six factors, defendants address specific allegations in Chubb's opposition.

**1. Whether either the state or federal court has exercised jurisdiction over a res:**

The "res" (the Planters Hotel) is certainly located in Brawley, in Imperial County. If anything, this factor weighs in favor of Defendants.

**2. The inconvenience of the federal forum:**

This should be incontestable. Per the attached Declaration of Peter Ward, the vast majority of witnesses and parties reside or do business in Imperial County. At last count, the plaintiffs in the state court action as well as at least 13 potential witnesses live in Imperial County. Several of the defendants do as well – including Hank Kuiper of Kuiper Insurance Agency and Smith Kandal. While the Allen Earley Planters Hotel LP may have had its agent for service of process in Encinitas at one time, that is no more, with an amendment in process to reflect the true domicile. See, Decl of Ward. As anyone well knows who has made the long drive, San Diego is not "just as convenient" to El Centro, as is blithely stated by Chubb in its opposition brief.

**3. The desirability of avoiding piecemeal litigation:**

Chubb has never really addressed this in its papers, instead focusing on the red-herring of the purported incomplete identity of the parties. This "problem" was cured six weeks ago, and is no longer a factor. Certainly, there is no question that the federal *declaratory relief* action is not dispositive. The state court action *–an action for damages* - will be dispositive. Where the question of abstention arises among federal courts, judicial economy is a primary consideration. *O'Neill v. U.S.* (9th Cir. 1995) 50 F. 3d 677, cert. denied, 516 U.S. 1028.

Other than judicial economy and wise use of judicial resources, one of the reasons the courts strive to avoid piecemeal litigation is the danger of having inconsistent results. Chubb states - falsely – that there is no danger of this, as "the causes of action are different." This is not rue – there is declaratory relief cause of action in the state court proceeding as well.

**4. The order in which the forums obtained jurisdiction:**

Again, the state court action was filed first. While irrelevant to the issues here, there was no deception or "ball-hiding" by Earley's counsel, as alluded to by Chubb's counsel. Earley's

8

counsel had categorically stated his intentions to file in State court in discussions with Chubb's counsel and at the time of the June 9, 2008 mediation. If anything, as indicated above, it was Chubb that was engaged in the "gamesmanship" – or a "race" to the courthouse, or the "forum shopping" that the *Brillhart* court found worthy of disapproving comment. *Brillhart, supra*, at 495. As a subset, there is the question of the relative progress of the two actions. There is no question that the state court action is further along in terms of time and effort. Chubb has filed a demurrer –made an appearance – and voluminous discovery has been served in the State Court action. Chubb has threatened to – but has not yet – filed a motion to change venue (see, footnote 2, chubb Opposition Brief). It is expected within the week. To the contrary, Chubb has done nothing in the federal court action, except file an opposition to the instant motion to dismiss.

**5. Whether federal or state law controls the decision on the merits:**

Again, there can be no question in this case that insurance contract interpretation will be governed by California law. Indeed, California has been at the forefront in the development of insurance law since *Gray v. Zurich* (1966) 65 Cal. 2d 263, 275 was decided.

**6. Whether the state court can adequately protect the rights of the parties:**

There has been no cogent argument presented by Chubb to the effect that the judiciary in the County of Imperial is unable to attend to the Earley, et al. v. Chubb, et al. state court action. They have made a muddled argument that the absence of one of the insured's – the LP – from the state court case somehow prejudices Chubb, but since the LP has been a plaintiff in the state action since July 17, even this weak argument is mooted. The reference to *Intel Corp. v. Advanced Micro Devices* (9th Cir. 1993) 12 F.3d 908, 913 provides heat and smoke by its language, but no illumination. Chubb has provided no facts that show either "substantial doubt" of "absence of full confidence" that the state court action will be less than fully dispositive. The reason that Chubb has not provided the necessary particulars is simple – they cannot.

### V.
### CONCLUSION

Chubb does not seek an interpretation of federal law in its federal court action. The missing insured – LP – was added to the state court complaint over a month ago. It's domicile is Imperial, and the proper amendments to so show are presently being filed. The vast majority of the parties (Smith

9

*REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS*
*CASE NO. 2008 CV 1074 BTM CAB*

Kandal; Kuiper, Earley) and anticipated witnesses live within 20 miles of the El Centro courthouse. Chubb has filed the action in federal court to keep it out of state court, and is fighting very hard to keep the action in federal court, despite the existence of an earlier-filed and more complete action filed in state court. The State Action is much further along procedurally and by dint of discovery. It will fully dispose of the issues, with no chance of piecemeal litigation. Applying both the *Brillhart* and *Colorado River* criteria, the State Action is paramount, and the federal action should be dismissed, or at the very least stayed. A stay, however, will result however in a risk of conflicting rulings, as both actions have declaratory relief actions.

The State Action is filed in Imperial County, nearer to the insured property, convenient to the witnesses, and the great majority of the parties. While it was just by a few days, the state action was filed first. There was no chicanery or gamesmanship as alluded to by Chubb. Service was accomplished as quickly as possible, in light to the misleading information on the Chubb policy. There is no question that California state law will control the insurance coverage, contract, and bad faith issues, which are central to both cases. The state court will undoubtedly protect the interests of both parties. In all respects, the *Brillhart* and/or *Colorado River* criteria have been met, allowing this court to dismiss the pending Federal Action in favor of the previously filed State Action.

Dated: August 28, 2008

WARD & HAGEN, LLP

By: [signature]
Peter C. Ward
Ralph W. Peters, Esq.
*Attorneys for Defendants* THE ALLEN EARLEY 1998 FAMILY TRUST and ALLEN EARLEY PLANTERS PROJECT, L.P.

Peter C. Ward, Esq.        SBN 126459
Christopher H. Hagen, Esq. SBN 179529
Ralph W. Peters, Esq.      SBN 126948
**WARD & HAGEN, LLP**
440 Stevens Avenue, Suite 350
Solana Beach, California 92075
Telephone:  (858) 847-0505
Facsimile:  (858) 847-0105

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| CHUBB CUSTOM INSURANCE COMPANY, a Delaware Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>THE ALLEN EARLEY 1998 FAMILY TRUST, a California Trust; ALLEN EARLEY PLANTERS PROJECT, LP, a California Limited Partnership, and Does 1-10<br><br>Defendants. | CASE NO. 2008 CV 1074 BTM CAB<br><br>**DECLARATION OF PETER C. WARD IN SUPPORT OF REPLY MOTION TO DISMISS FEDERAL ACTION**<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY COURT**<br><br>Date:  September 5, 2008<br>Time:  11:00 a.m.<br>Place: Courtroom 15<br>Hon.   Barry T. Moskowitz |
|---|---|

I, Peter C. Ward, declare under penalty of perjury as follows:

1. I am an attorney licensed to practice in this court and the state courts of California. I am counsel for defendants, The Allen Early 1998 Family Trust, and Allen Earley Planters Project L.P., as well as P. Allen Earley.

2. I have never made it a secret that if I was not able to resolve the insurance coverage issues with Chubb, I would be forced to file an action in Imperial County Superior Court. I mentioned this in several telephone conversations with Chubb's former counsel – Paul White - and directly to him at the mediation held in this matter on June 9, 2008. It was also discussed with the mediator, who was authorized to discuss this fact with Mr. White and Chubb's representative that was in attendance. I never indicated I would file this matter in Federal Court, nor, given the nature of the case and

locations of parties and witnesses, did I ever have any intention of so doing.

3. I certainly – in filing the state court action – never thought I was engaging in any sort of "gamesmanship" or "concealment" as alluded to by Chubb's present counsel. Perhaps if Chubb's current counsel speaks to Chubb's former counsel, they will be set straight on this issue.

4. Contrary to the unsupported argument that Chubb's present counsel that my office attempted to conceal the filing of the State court action, the truth is that I sent to Chubb's then-attorney, Mr. White, a "courtesy copy" of the State Court Complaint on June 18, 2008. A true and correct copy of my cover letter is attached as Exhibit A.

5. Concerning the Allen Earley Planters Project L.P. "issue": the State Court action was originally filed without naming the L.P.. In my initial conversation with Chubb's new counsel, Liz Smith, she suggested that she thought the L.P. was a necessary party. To remove this as a concern, I immediately caused to filed an amendment to complaint naming said entity as a plaintiff party in the Imperial County Superior Court action. The filing of the amendment to complaint was done on July 17, 2008. It was mail-served on Chubb's counsel that day or earlier.

6. It is true that the individual listed as agent for service for the Allen Earley Planters Project L.P. is presently listed at 725 South Coast Highway 101, Encinitas, CA. However, this individual should have been replaced sometime ago as per confirmation with client Allen Earley, the formal request (Amendment to Certificate of Limited Partnership, Form LP-2) to have this effectuated was sent into the California Secretary of State by Allen Earley several weeks ago. Assuming any degree of efficiency at the Secretary of State's office, it will be done so by the time of the court's ruling on this matter. Earley himself resides in Imperial, and has submitted an amendment to the Certificate of Limited Partnership to the California Secretary of State, changing the office address of Allen Earley Planters Project L.P.to 2802 Winona Court, Imperial, CA 92251.

7. I do not yet have a complete list of anticipated witnesses in this action, but can provide the court with a tentative list of likely non-party and party witnesses in the Earley, et al. v. Chubb, et al. (State court) action. As follows:

City of Brawley Fire Department, included, but not limited to:

Chief Frank Contreras

1. Captain Mark Franks
2. Captain Jesse Zendejas
3. Roger Smith
4. Firefighter Alberto Cosio
5. Firefighter Eloy Martinez
6. Firefighter Jonathan Garcia
7. City of Brawley Building Department – persons unknown; discovery pending
8. City of Brawley Police Department, Including, not limited to:
9.     Det. J. Blackstone
10. City of Brawley – Attorney Dennis Morita
11. Commercial tenants of the Hotel:
12. Elana Zarate
13. Owners of Paddy's 21st Amendment, Owner
14. Ernie Mojarro
15. Peter Frangos
16. Rocke Ramsay
17. Sue Ehnert
18. Greg Gelman of Planters Drug Company
19. Kim Burnett
20. Owners of First American Title Branch in Brawley
21. Imperial Valley Press Reporters coverage of the fire
22. Smith-Kandal Insurance Company agents
23. Darren Smith  Brawley, CA
24. Ed Kandal      El Centro, CA
25. Greg Smith    Brawley, CA
26. Hank Kuiper   El Centro, CA
27. Heather Jiggins  Brawley, CA
28. Kevin Smith   Brawley, CA

| | | |
|---|---|---|
| 1 | Kirk Stewart | Brawley, CA |
| 2 | Richard Acosta | El Centro, CA |
| 3 | Rimmie Mosher | El Centro, CA |

8. The court can see that these witnesses are located in the Brawley/El Centro/Imperial area. Two of the defendants in the State court action – Hank Kuiper and Smith Kandal – are domiciled in Imperial County.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and of my own personal knowledge.

Executed in Solana Beach, California, United States of America, on August 28, 2008.

By: _____
Peter C. Ward
*Attorneys for Defendants*
THE ALLEN EARLEY 1998 FAMILY
TRUST and ALLEN EARLEY PLANTERS
PROJECT, L.P.

# WARD & HAGEN LLP

440 STEVENS AVENUE, SUITE 350
SOLANA BEACH, CALIFORNIA 92075
TELEPHONE (858) 847-0505
FAX (858) 847-0105

Writers email:
pcw@wardhagen.com

June 18, 2008

**VIA U.S. MAIL**
Paul S. White, Esq.
TRESSLER, SODERSTROM, MALONEY & PRIESS, LLP
1901 Avenue of the Stars – Suite 450
Lo s Angeles, CA 90067

Re:  Insured:              The Allen Earley 1998 Family Trust
     Claim Number:         047507014833
     Insurance Company:    Chubb Custom Insurance Company
     Date of Loss:         March 7, 2007
     TSMP File No.:        2246-229

*The Allen Earley 1998 Family Trust and P. Allen Earley v. Chubb Custom Insurance Company, et al.*
**Superior Court, San Diego County**
**Case No. ECU04461**

Dear Mr. White:

Enclosed is a courtesy copy of the Summons and Complaint in the above-referenced case, filed with the Court on June 11, 2008.

Very truly yours,

WARD & HAGEN LLP

Peter C. Ward

Enclosures
PCW/jr
cc:   Client (without enclosure)

A

```
 1  Peter C. Ward, Esq.          SBN 126459
    Christopher H. Hagen, Esq.   SBN 179529
 2  Ralph W. Peters, Esq.        SBN 126948
 3  WARD & HAGEN, LLP
    440 Stevens Avenue, Suite 350
 4  Solana Beach, California 92075
    Telephone:   (858) 847-0505
 5  Facsimile:   (858) 847-0105
 6  Attorneys for Defendants
 7
```

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHUBB CUSTOM INSURANCE COMPANY, a Delaware Corporation, | CASE NO. 08 CV 1074 BTM CAB |
| Plaintiffs, | **AFFIDAVIT OF SERVICE BY ELECTRONIC MAIL** |
| v. | |
| THE ALLEN EARLEY 1998 FAMILY TRUST, a California Trust; ALLEN EARLEY PLANTERS PROJECT, LP, a California Limited Partnership, and Does 1-10 | |
| Defendants. | |

I, the undersigned declare under penalty of perjury of the laws of the United States that I am over the age of eighteen years and not a party to this action, that on August 28, 2008, I served the following documents:

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND/STAY BASED ON PRIOR PENDING STATE COURT ACTION;** and

**DECLARATION OF PETER C. WARD IN SUPPORT OF REPLY MOTION TO DISMISS FEDERAL ACTION**

on the below named person(s) by electronically filing and serving the above-documents in PDF format with the Electronic Case Management System, for each addressee named below.

1  Elizabeth Smith-Chavez
2  **Seltzer Caplan McMahon Vitek**
   Symphony Towers
3  750 B Street
   San Diego, CA 92101
4  619.685.3003 [Tel.]
   619.685.3100 [Fax]
5  *Attorneys for Plaintiffs*
6
   Executed on August 28, 2008, at Solana Beach, San Diego County, California.
7
8                              */s/ Judy Richwine*
                               Judy Richwine
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28