1 | Gerald L. McMahon, Esq. (SBN 036050)
2 | Elizabeth Smith-Chavez, Esq. (SBN 082900)
  | Kirsten Y. Zittlau, Esq. (SBN 220809)
3 | SELTZER CAPLAN McMAHON VITEK
  | A Law Corporation
4 | 750 B Street, 2100 Symphony Towers
5 | San Diego, California 92101-8177
  | Telephone:    (619) 685-3139
6 | Facsimile:    (619) 702-6809
7 |
  | Attorneys for Plaintiff
8 | CHUBB CUSTOM INSURANCE COMPANY
9 |
  | **UNITED STATES DISTRICT COURT FOR**
10 |
   | **THE SOUTHERN DISTRICT OF CALIFORNIA**
11 |

12 | CHUBB CUSTOM INSURANCE          ) CASE NO. 08-CV1074 BTM (CAB)
13 | COMPANY, a Delaware corporation )
                                     ) **PLAINTIFF'S SURREPLY**
14 |             Plaintiff,          ) **MEMORANDUM OF POINTS AND**
                                     ) **AUTHORITIES IN OPPOSITION TO**
15 |       vs.                       ) **MOTION TO DISMISS BASED ON**
                                     ) **PRIOR PENDING STATE COURT**
16 |                                 ) **ACTION**
   | THE ALLEN EARLEY 1998 FAMILY    )
17 | TRUST, a California trust, ALLEN EARLEY )
18 | PLANTERS PROJECT, LP, a California )  Date:         September 5, 2008
   | Limited Partnership, and DOES 1 through 10, )  Time:    11:00 a.m.
19 | inclusive,                      )  Courtroom:    15
                                     )  Hon. Barry Ted Moskowitz
20 |             Defendants.         )
                                     )
21 |                                 )

22 | / / /
23 | / / /
24 | / / /
25 | / / /
26 | / / /
27 | / / /
28 | / / /

# TABLE OF CONTENTS

Page(s)

I.    REASON FOR FILING SURREPLY ...................................................... 1

II.   RESPONSE TO NEW MATTER............................................................ 1

   A.   This Court Properly Has Discretion to Retain This Case. ................................ 1

      1.   *Brillhart* Abstention Does Not Mandate Dismissal or a Stay. ............... 1

      2.   The Cases Cited by Defendants Do Not Mandate, or Even
           Support, Dismissal of This Action........................................................ 2

      3.   No Risk of Piecemeal Litigation Exists.................................................. 2

      4.   No Priority Exists for the State Court Action. ...................................... 3

   B.   Defendants' Reply Contains Improper and Unsubstantiated New
        Factual Assertions. ............................................................................................ 3

      1.   Defendants Inaccurately State That There is a "Res" At
           Issue in this Case................................................................................ 3

      2.   No Foundation Is Provided for the List of "Witnesses". ...................... 4

      3.   A Demurrer to the State Court Action Was Sustained. ......................... 4

      4.   Defendants Inaccurately Claim That They Served the
           Amendment to the State Court Action by July 17, 2008. ...................... 4

      5.   No Foundation Is Presented for the Claim That Defendants'
           Did Not Have Chubb Custom's Address.............................................. 5

III.  CONCLUSION .................................................................................... 5

CASE NO. 08 CV 1074 BTM (CAB

**PLAINTIFF'S SURREPLY MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS**

1

## TABLE OF AUTHORITIES

2

Page(s)

3

**Cases**

4

*40235 Washington Street Corp. v. Lusardi*
  (9th Cir. 1992) 976 F.2d 587 ..................................................................2

5

*Aetna Casualty and Surety Co. v. Merritt*
  (9th Cir. 1992) 974 F.2d 1196 .................................................................1

6

7

*Brillhart v. Excess Insurance Co.*
  (1941) 316 U.S. 491 ...............................................................................1

8

*Chamberlain v. Allstate Ins. Co.*
  (9th Cir. 1990) 931 F.2d 1366 .............................................................2, 3

9

10

*Continental Casualty Co. v. Robsac Industries*
  (9th Cir. 1990) 947 F.2d 1367 .................................................................2

11

*Coopers & Lybrand v. Sun-Diamond Growers of Ca.*
  (9th Cir. 1990) 912 F.2d 1135 .................................................................3

12

13

*Government Employees Insurance Co. v. Dizol*
  (9th Cir. 1998) 133 F.3d 1220 .............................................................2, 3

14

*Huth v. Hartford Inc. Co, of the Midwest*
  (9th Cir. 2002) 298 F.3d 800 ..................................................................2

15

16

*Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*
  (1951) 342 U.S. 180 ...............................................................................2

17

*O'Neill v. United States*
  (1995) 50 F.3d 677 .................................................................................2

18

19

*Quackenbush v. Allstate Insurance Co.*
  (1966) 517 U.S. 706 ...............................................................................2

20

*State Farm Fire & Casualty Co. v. Mhoon*
  (10th Cir. 1994) 31 F.3d 979 ...................................................................2

21

22

23

24

25

26

27

28

Plaintiff CHUBB CUSTOM INSURANCE COMPANY ("Chubb Custom") submits the following Surreply in Opposition to the Motion to Dismiss Based on Prior Pending State Court Action filed by defendants The Allen Earley 1998 Family Trust ("Trust") and Allen Earley Planters Project, LP ("Partnership") (collectively "Defendants"):

## I.    REASON FOR FILING SURREPLY

The Reply filed by Defendants raises new arguments and new theories not mentioned in the original motion. Because this matter is not set for an actual hearing, Chubb Custom requests leave of this Court to file the following Surreply solely to address new arguments and factual contentions raised for the first time in Defendants' Reply.

## II.    RESPONSE TO NEW MATTER

**A.    This Court Properly Has Discretion to Retain This Case.**

In their Reply, Defendants raise for the first time the claim that this Court has discretion to decline to hear this case under the Declaratory Relief Act. Because this theory was not raised in the original motion, Chubb Custom did not have the opportunity to address the argument, and requests the opportunity to do so now.

Defendants are correct that this Court has discretion to decide whether or not to hear declaratory relief actions. But Defendants are incorrect in their assertion that this discretion must be exercised in the present case to dismiss this action. "We know of no authority for the proposition that an insurer is barred from invoking diversity jurisdiction to bring a declaratory judgment action against an insured on the issue of coverage." (*Aetna Casualty and Surety Co. v. Merritt* (9th Cir. 1992) 974 F.2d 1196, 1199.)

**1.    *Brillhart* Abstention Does Not Mandate Dismissal or a Stay.**

Defendants rely heavily on *Brillhart v. Excess Insurance Co.* (1941) 316 U.S. 491. Under this case, this Court has the discretion to assert jurisdiction over a declaratory relief claim or to abstain from doing so. That discretion can be exercised in favor of retaining jurisdiction. Chubb Custom submits that, under the circumstances of this case, the argument and citations included in Defendants' Reply do not support declining jurisdiction over a proper diversity case.

2.    **The Cases Cited by Defendants Do Not Mandate, or Even Support, Dismissal of This Action.**

• *Continental Casualty Co. v. Robsac Industries* (9th Cir. 1990) 947 F.2d 1367, was overruled in Government Employees Insurance Co. v. Dizol (9th Cir. 1998) 133 F.3d 1220, 1227. In Government Employees Insurance Co., the Court noted that "there is no presumption in favor of abstention in declaratory relief actions generally, nor in insurance coverage cases specifically." (Id. at 1225.) See also, Huth v. Hartford Inc. Co, of the Midwest (9th Cir. 2002) 298 F.3d 800, 803.

• *Quackenbush v. Allstate Insurance Co.* (1966) 517 U.S. 706, involved *Buford* abstention, applicable only where a case involves "difficult questions of state law bearing on policy problems of substantial public import…" (*Id.* at 707.) No such questions are at issue in the present case.

• Both *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.* (1951) 342 U.S. 180 and *O'Neill v. United States* (1995) 50 F.3d 677, involved two <u>federal</u> actions.

• *40235 Washington Street Corp. v. Lusardi* (9th Cir. 1992) 976 F.2d 587 was a quiet title action decided under the *Colorado River* doctrine, based on the location of the real property the title for which was in dispute.

• In *Chamberlain v. Allstate Ins. Co.* (9th Cir. 1990) 931 F.2d 1366, 1367, the court noted that "The pendency of a state court action, however, does not of itself require a district court to refuse declaratory relief in federal court."

3.    <u>No Risk of Piecemeal Litigation Exists.</u>

"Piecemeal litigation" is a risk that claims will be divided, with part decided in one forum and part in another. That is not a risk in the present case. One of the factors to be considered is whether the federal court declaratory relief action would "settle the controversy." (*State Farm Fire & Casualty Co. v. Mhoon* (10th Cir. 1994) 31 F.3d 979, 983.) That is the case here. If this Court decides in Chubb Custom's favor (i.e. that Chubb Custom has no duty to Defendants under the insurance policy), there will be nothing left to decide in state court or

---

2

CASE NO. 08 CV 1074 BTM (CAB

1  anywhere else.   If this Court rules in Defendants' favor, the state court action can proceed.
2  There will be no piecemeal decisions or litigation.

3          **4.    No Priority Exists for the State Court Action.**

4          The Reply asserts that the state court action has priority.  As was explained in Chubb
5  Custom's Opposition, this is not the applicable legal standard.  Furthermore, Defendants fail to
6  acknowledge that all of the activity in the state court action is of their own doing.  No Court
7  has made any substantive rulings, or even heard any substantive motions.  Chubb Custom has
8  done nothing to obtain benefits from that action or to participate in the lawsuit, other than to
9  file a demurrer, a demurrer which the state court sustained.

10         Defendants assert that they won the race to the Courthouse.  The cases cited in Chubb
11 Custom's opposition show that this type of gamesmanship is not a standard to be applied when
12 ruling on a motion to dismiss because of a pending state court action. See, e.g. *Government*
13 *Employees Insurance Co., supra,* 133 F.3d at 1225 ("The pendency of a state court action does
14 not, of itself, require a district court to refuse federal declaratory relief," citing *Chamberlain v.*
15 *Allstate Ins. co, supra*, one of the cases upon which Defendants relies heavily.)  The cases cited
16 by Defendants do not hold otherwise.  For example, in *Coopers & Lybrand v. Sun-Diamond*
17 *Growers of Ca.* (9th Cir. 1990) 912 F.2d 1135, the federal action was filed more than two years
18 after the state court action, which is clearly not the case here.

19 **B.    Defendants' Reply Contains Improper and Unsubstantiated New Factual**
20 **Assertions.**

21         Defendants assert a number of factual claims in their Reply, but fail to substantiate
22 either the accuracy or the relevance of those claims.  Chubb Custom, therefore, requests that
23 this Court disregard these assertions in ruling on this motion.

24         **1.    Defendants Inaccurately State That There is a "Res" At Issue in this Case.**

25         Defendants assert that the Planters Hotel was located in Imperial County.  That is not
26 disputed, but the location of the former hotel is not a relevant "res" in this litigation.
27 No dispute exists as to the right to own or possess that hotel.

28

---

                                              3                    CASE NO. 08 CV 1074 BTM (CAB
PLAINTIFF'S SURREPLY MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION
TO DISMISS

2.    <u>No Foundation Is Provided for the List of "Witnesses"</u>.

In his Declaration, Mr. Ward lists a number of supposed witnesses, without providing any basis to suppose that those persons have any relevant information or would be material to this case. All that is provided is a list of names. Defendants assert that it is a long drive to San Diego from El Centro. Defendants cannot deny that it is a longer journey for the numerous out of town and out of state witnesses who will be the critical witnesses in this case, but will have to fly into San Diego, and then add the drive to El Centro.[1] It is telling that Defendants do not deny that Defendants themselves served numerous subpoenas on out of Imperial County witnesses. Other than the City of Brawley, none of the persons listed in the Reply were the recipient of subpoenas. Thus, when Defendants actually did discovery, they used a different witness list than the unsubstantiated list they included in the Reply.

3.    <u>A Demurrer to the State Court Action Was Sustained</u>.

On August 25, 2008, the state court sustained Chubb Custom's demurrer to the state court action. No amendment has yet been filed. Thus there is no pending operative state court complaint.[2]

4.    <u>Defendants Inaccurately Claim That They Served the Amendment to the State Court Action by July 17, 2008</u>.

In his Declaration, Mr. Ward states that the amendment to the state court action, adding the missing insured (The Allen Earley Planters Project L.P.), by July 17, 2008. This is simply not the case, as can be seen from the Proof of Service included with Exhibit D to Chubb Custom's August 22, 2008, Notice of Lodgment. That Proof of Service declares under penalty of perjury that the amendment was served July 30, 2008.[3]

---

[1]    See Surreply Declaration of Elizabeth Smith-Chavez.

[2]    In light of the fact that there is currently no pending state court complaint, even if this Court determines to decline jurisdiction, this case should be stayed, not dismissed, so that it can be revived if Defendants are unable or unwilling to file a proper complaint in the state court action. This is "the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." (*Wilton v. Seven Falls Co.* (1995) 515 US 277, 288, fn. 2.)

[3]    Defendants imply that Chubb Custom's demurrer was filed *before* calling Defendants' attention to the fact that one of the insureds was missing from the state court action. This is untrue, as is shown

PLAINTIFF'S SURREPLY MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS

5. **No Foundation Is Presented for the Claim That Defendants' Did Not Have Chubb Custom's Address.**

In support of a claim that they could not serve the state court complaint because the address listed in the insurance policy was "false," Defendants cite to Mr. Ward's Declaration. That Declaration makes no reference whatsoever to such a claim. To the contrary, Mr. Ward admits that he was dealing with counsel for Chubb Custom, leading to the irrefutable conclusion that he was not confused regarding how to contact Chubb Custom.

### III.    CONCLUSION

Numerous new arguments and assertions were raised in the Reply, and should not be considered. Furthermore, even if they are considered, they do not support granting this motion.

Chubb Customer respectfully requests that this Court exercise its discretion and retain jurisdiction over this pending case.

Dated: September 2, 2008

                        SELTZER CAPLAN MCMAHON VITEK
                        A Law Corporation

                        By:    */s/ Elizabeth Smith-Chavez*
                                    Gerald L. McMahon, Esq.
                                      Elizabeth Smith-Chavez, Esq.
                                    Kirsten Y. Zittlau, Esq.
                        Attorneys for Plaintiff CHUBB CUSTOM INSURANCE COMPANY

---

by Mr. Ward's own Declaration admitting that the absence of this crucial defendant was drawn to his attention by counsel for Chubb Custom. (Peter Ward Declaration, ¶ 5.)

**PLAINTIFF'S SURREPLY MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS**

1 | Gerald L. McMahon, Esq. (SBN 036050)
2 | Elizabeth Smith-Chavez, Esq. (SBN 082900)
   | Kirsten Y. Zittlau, Esq. (SBN 220809)
3 | SELTZER CAPLAN McMAHON VITEK
   | A Law Corporation
4 | 750 B Street, 2100 Symphony Towers
5 | San Diego, California 92101-8177
   | Telephone:   (619) 685-3139
6 | Facsimile:   (619) 702-6809
7 |
   | Attorneys for Plaintiff
8 | CHUBB CUSTOM INSURANCE COMPANY
9 |

## UNITED STATES DISTRICT COURT FOR

10 |

## THE SOUTHERN DISTRICT OF CALIFORNIA

11 |

| | |
|---|---|
| 12  CHUBB CUSTOM INSURANCE | )  CASE NO. 08-CV1074 BTM (CAB) |
| 13  COMPANY, a Delaware corporation | ) |
| | )  **SURREPLY** DECLARATION OF |
| 14           Plaintiff, | )  **ELIZABETH SMITH-CHAVEZ IN** |
| | )  **OPPOSITION TO MOTION TO** |
| 15      vs. | )  **DISMISS BASED ON PRIOR PENDING** |
| | )  **STATE COURT ACTION** |
| 16  THE ALLEN EARLEY 1998 FAMILY | ) |
| 17  TRUST, a California trust, ALLEN EARLEY | )  Date:           September 5, 2008 |
| 18  PLANTERS PROJECT, LP, a California | )  Time:          11:00 a.m. |
|     Limited Partnership, and DOES 1 through 10, | )  Courtroom:    15 |
| 19  inclusive, | )  Hon. Barry Ted Moskowitz |
| 20           Defendants. | ) |
| | ) |
| 21 | ) |

22 |

23 |        I, ELIZABETH SMITH-CHAVEZ, declare:

24 |        1.    Before even serving this complaint, Plaintiffs had already served subpoenas on a

25 | number of third parties.  The vast majority of these third parties are outside the County of

26 | Imperial.  Indeed, other than the City of Brawley, <u>all</u> of these third party subpoenas were to

27 | persons and companies outside of the County of Imperial.  The subpoenas included the

28 | following:

Bell Anderson & Sanders, LLC, an appraisal firm with knowledge of the value of the property which is the subject of the insurance claim. This company is listed on the subpoena as being located in Laguna Beach, California, in the County of Los Angeles.

C&M Fire Investigations, Inc, a fire cause and origin consultant. This company is listed on the subpoena as located in Corona, California (County of Riverside), but, according to the documents produced, the individual who was involved in the fire investigation, William Crookshanks, lives in Henderson, Nevada.

M.J. Hall & Company, Inc., an insurance agency involved in plaintiff's acquisition of the insurance policy. This company, listed on the subpoena as located in Woodland Hills, California (County of Los Angeles), would have critical evidence of the terms requested for the insurance, and of Plaintiffs' knowledge of both the fact that the policy was requested and written on an Actual Cash Value Basis, not the Replacement Cost basis claimed by Plaintiffs and the fact that coverage was conditioned on Plaintiffs keeping the automatic sprinkler system in good working order.

Dennis Haynes, who was involved in inspecting the property prior to the fire. Mr. Haynes is listed on the subpoena as residing in Escondido, California (County of San Diego.)

Rolf Jensen & Associates, Inc., a fire suppression consultant who investigated the fire and the sprinkler system. This company is listed on the subpoena as located in Phoenix, Arizona.

David Morse & Associates, who investigated the fire. This company is listed on the subpoena as being located in San Diego, California (County of San Diego.)

WKF&C Agency, Inc., a company which was involved in placing the insurance and which would have knowledge of the terms and conditions of the policy. This company is listed on the subpoena as located in Woodland Hills, California (County of Los Angeles.)

Regional Reporting, Inc, a company which inspected the building prior to the fire and which would have knowledge of the condition of the building, of the sprinkler system and of Plaintiffs' knowledge of these items. Dennis Haynes, an employee of Regional Reporting is a third-party witness in this action. This company is listed on the subpoena as located in Glendale, California (County of Los Angeles.)

    2.    The following discussion is based on the documents in the claims file and Chubb Custom's communications with the insured:

Surreply **DECLARATION OF ELIZABETH SMITH-CHAVEZ IN OPPOSITION TO MOTION TO DISMISS BASED ON PRIOR PENDING STATE COURT ACTION**

1    3.    Daniel D'ambrosia with the Greenspan Company was hired by Earley as a public

2 adjuster and was one of Chubb's primary contacts in dealing with the insured. The Greenspan

3 Company is located at 4370 La Jolla Village Drive, Ste. 400, San Diego, CA.

4    4.    Nextel Communications, Inc.'s employee Jim Kennedy is a third-party witness in

5 this action with regard to the insured's compliance with the insurance policy requirements

6 regarding the condition of the sprinkler system. Mr. Kennedy works out of the San Diego

7 County office for Nextel, located at 5761 Copley Drive, Suite 100, San Diego, California.

8    5.    Connell Design Group, who prepared the structural calculations for Nextel

9 Communications, is located in Newport Beach, California (Orange County).

10    6.    Bradley Waldrop, P.E., of Nolte Beyond Engineering, is a third-party witness in

11 this action. Mr. Waldrop works out of the Sacramento office of Nolte Beyond Engineering,

12 located at 1750 Creekside Oaks Drive, Suite 200, Sacramento, California 95832 (County of

13 Sacramento.)

14    7.    Broken Arrow Communications, Inc., is a third-party witness in this action.

15 Broken Arrow Communications, Inc. was the contractor for Nextel Communications, Inc.

16 which performed work on the standpipe, part of the automatic sprinkler systems prior to the

17 fire. Broken Arrow Communications is located at 4883 Ronson Court, San Diego, California

18 (County of San Diego.)

19    8.    Sam Lutchmiah of Envirocare Consulting, Inc. is a third-party witness in this

20 action. Mr. Lutchmiah's office is located at 16155 Cousins Circle, Riverside, California 92503

21 (County of Riverside.) Mr. Lutchmiah's March 9, 2007 Report also identifies Environmental

22 Klean Up, Frank Greenwalt, as a third-party witness in this action. According to the

23 documents, Mr. Greenwalt works out of the County of Riverside, 18345 Almond Street Path,

24 Riverside, California 92504.

25    9.    Joe Araiza is the General Manager of Tri-Span, Inc., and has personal knowledge

26 regarding the condition, demolishing and barricading of the building after the fire. Tri-Span,

27 Inc. is located in Brea, California (Orange County).

28

3                    CASE NO. 08 CV 1074 BTM (CAB
**Surreply DECLARATION OF ELIZABETH SMITH-CHAVEZ IN OPPOSITION TO MOTION TO DISMISS BASED ON PRIOR PENDING STATE COURT ACTION**

1        10.    Reep Fire Protection is a third party witness in this action who performed work

2   on the subject building and has specific knowledge regarding the fire protection system in the

3   building and its status/condition at the time of the fire.  Reep Fire Protection is located at

4   24596 Calle Magdalena, Murrieta, California 92562 (County of Riverside.)

5        11.    The Department of Alcohol Tobacco and Firearms' lead investigator, Special

6   Agent Richard J. Verducci, is a third-party witness in this action to the causes and extent of the

7   fire.  According to the documents, Special Agent Verducci works out of San Diego County,

8   9449 Balboa Avenue, Suite 200, San Diego, California 92123.

9        12.    Chris Jensen, an investigator with ESI International, Inc. and another third party

10  witness in this action, is located in San Diego, California.

11       13.    According to the documents, Marvin D. McClure is a Project Manager/Estimator

12  for Western Fire Protection, Inc. located in Yuma, Arizona.  Mr. McClure inspected the system

13  control valve of the sprinkler system immediately after the fire.

14       14.    Alan Jansen & Associates is the architectural firm hired by Mr. Earley relative to

15  the reconstruction of the building.  Alan Jansen & Associates is located at 444 S. Cedros

16  Avenue, Solana Beach, CA.

17       I declare under penalty of perjury under the laws of the United States that the foregoing

18  is true and correct and within my personal knowledge.

19       Executed on September 2, 2008, at San Diego, California,

20

21                             _____

22                           Elizabeth Smith-Chavez, Esq.

23

24

25

26

27

28

**Surreply DECLARATION OF ELIZABETH SMITH-CHAVEZ IN OPPOSITION TO MOTION TO DISMISS BASED ON PRIOR PENDING STATE COURT ACTION**



1 | Gerald L. McMahon, Esq. (SBN 036050)
2 | Elizabeth A. Smith-Chavez, Esq. (SBN 082900)
  | Kirsten Y. Zittlau, Esq. (SBN 220809)
3 | SELTZER CAPLAN McMAHON VITEK
  | A Law Corporation
4 | 750 B Street, 2100 Symphony Towers
5 | San Diego, California 92101-8177
  | Telephone:   (619) 685-3139
6 | Facsimile:   (619) 702-6809
7 |
  | Attorneys for Plaintiff
8 | CHUBB CUSTOM INSURANCE COMPANY

9 |

**UNITED STATES DISTRICT COURT FOR**

**THE SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| CHUBB CUSTOM INSURANCE COMPANY, a Delaware corporation | ) ) ) | CASE NO.  08-CV1074 BTM (CAB) |
| Plaintiff, | ) ) ) | **AFFIDAVIT OF SERVICE BY ELECTRONIC MAIL** |
| vs. | ) ) ) | |
| THE ALLEN EARLEY 1998 FAMILY TRUST, a California trust; ALLEN EARLEY PLANTERS PROJECT, LP, a California Limited Partnership, and DOES 1 through 10, inclusive, | ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |
| | ) | |

        I, the undersigned declare under penalty of perjury of the laws of the United States that I am over the age of eighteen years and not a party to this action, that on September 2, 2008, I served the following document(s):

1.      **PLAINTIFF'S SURREPLY MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS BASED ON PRIOR PENDING STATE COURT ACTION; AND**

1    2.    **PLAINTIFF'S SURREPLY MEMORANDUM OF POINTS AND AUTHORITIES**
**IN OPPOSITION TO MOTION TO DISMISS BASED ON PRIOR PENDING STATE**
2    **COURT ACTION**

3

4    on the below named person(s) by electronically filing and serving the above-documents in pdf

5    format with the Electronic Case Management System, for each addressee named below:

6    Peter C. Ward, Esq.                              Attorneys for Defendants
Christopher H. Hagen, Esq.
7    Ralph W. Peters, Esq.
Ward & Hagen LLP
8    440 Stevens Avenue, Suite 350
9    Solana Beach, California 92075
Email: rpeters@wardhagen.com
10   Telephone:  858-847-0505
11   Facsimile:  858-847-0105

12

13   Executed on September 2, 2008, at San Diego, California.

14

15   _____

16   Sandie Crenshaw

17

18

19

20

21

22

23

24

25

26

27

28